### MATTHEWS *v.* PUFFER and others.[*]

*(Circuit Court, S. D. New York. January 18, 1882.)*

1. PRACTICE—SERVICE OF SUBPŒNA—PRIVILEGED ATTENDANCE.

Where a motion to set aside the service of a subpœna, on the ground of privileged attendance within the district, had been denied on the ground that the defendant had failed to show that he was a non-resident of the state, *held*, on a renewal of such motion without leave, that the fact of non-residence should have been proven on the former motion. It is not a newly-discovered fact.

2. SAME—SAME—WAIVER OF PRIVILEGE.

An objection to the service of a subpœna as made while defendant was protected by a privilege, may be waived by not being promptly availed of.

In Equity. Motion to set aside service of subpœna.

*A. v. Briesen*, for plaintiff.

*E. C. Webb*, for defendant.

BLATCHFORD, C. J. The defendant Alvin D. Puffer heretofore made a motion to this court, founded on affidavits, to set aside the service made on him of the subpœna to appear and answer herein. The suit is one for the infringement of letters patent. The motion was opposed and denied by an order made December 30, 1881. The reasons set out in the motion papers, as grounds for the motion, were that the service was made upon the said defendant while he was attending the examination of witnesses in the office of the counsel for the plaintiff herein, in the city of New York, in a cause of interference then pending between him and the plaintiff before the United States patent-office, and when he was lawfully attending at said office "in his right as a party to said interference cause." The moving affidavits did not show where the defendant resided, or where he carried on business; but merely that he "went to New York" to attend such examination, not stating from what place he went. The motion was made upon the bill as a part of the moving papers. The bill speaks

*Reported by S. Nelson White, Esq., of the New York bar.

of the defendants as "doing business" at Boston and New York, and as being citizens of the United States.

In opposition to the motion it was shown by affidavits on the part of the plaintiff that the defendant served had a place of business in the city of New York, and one also in Boston. In regard to him the plaintiff said, in an affidavit: "His place of residence in New York is not known to me, and I have been unable to ascertain it." The defendant, after hearing the affidavits in opposition to the motion, chose to submit it for decision, and did not ask leave to withdraw it and renew it on further papers, or to put in further papers. The court, in denying the motion, said: "It does not anywhere appear that A. D. Puffer is a citizen of Massachusetts, or is not a citizen of New York, or does not reside in New York. The bill alleges that he does business at New York and is a citizen of the United States. It is shown that he has a place of business in New York city. The motion is denied."

The defendant now, without leave, renews the motion on papers showing that at the time of the service he was a citizen and a resident of the state of Massachusetts. This was a fact which the defendant was called upon to show on the first motion. It is not a newly-discovered fact. It was involved in and pertinent to the first motion. It was called to the attention of the defendant by the opposing papers, and yet the judgment of the court was invoked on the case. The court had jurisdiction of the subject-matter of the suit. The service of the subpœna was made on the defendant personally in this district. The objection to the service, as made while the defendant was protected by a privilege, was one which the defendant could waive, and one which he might waive by not making it when he ought to make it, or by not making it in a proper way, as well as by not making it at all. It is one of those irregularities which must be promptly availed of. In the present case it must be held that the defendant lost his right to show that he was a citizen and resident of Massachusetts, and the motion to set aside the service of the subpœna is denied.

NOTE. A party going into another state as a witness or as a party under process of a court, is exempt from process in such state while necessarily attending there in respect to such trial. *Brooks* v. *Farwell*, 4 FED. REP. 167; citing *Parker* v. *Hotchkiss*, 1 Wall. Jr. 269; *The Juneau Bank* v. *McSpedan*, 5 Biss. 64; and see *In re Healy*, 24 Alb. Law J. 529. So a party while in another state, attending a regular examination of witnesses, is privileged. *Plimpton* v. *Winslow*, 9 FED. REP. 365.—[ED.