### UNITED STATES *v.* McCARTHY.

*(Circuit Court, S. D. New York. September 7, 1883.)*

1. WITNESS—EXAMINATION—PRIVILEGE—INCRIMINATING ONE'S SELF.

    To justify a witness in refusing to testify on the ground that his evidence may incriminate him, reasonable ground must appear to the court to apprehend some proceedings against the witness upon a criminal charge, and some danger to the witness in answering.

2. SAME—REV. ST. § 860.

    In the United States courts, since the passage of the act of February 25, 1868, (section 860, Rev. St.,) preventing any such evidence being used against the witness or his property, the reason of the former rule having ceased, the rule should no longer be upheld, nor the privilege of the witness on this ground be sustained.

3. SAME—UNITED STATES CONSTITUTION—FIFTH AMENDMENT.

    The constitutional provision (article 5, Amendment) that "no person shall be compelled in any criminal action to be a witness against himself," applies only to evidence in suits or proceedings instituted against the witness himself.

On Certificate from United States Commissioner.

*Elihu Root*, U. S. Atty., for plaintiff.

*George H. Foster*, for defendant.

BROWN, J.   Upon a complaint against John H. McCarthy in criminal proceedings charging him with having committed the offense of perjury in a certain affidavit previously made by him in reference to the ownership of the vessel Mary N. Hogan, in the course of an examination before Mr. Shields, United States commissioner, Henry A. Kearney was sworn as a witness in behalf of the government, and upon being asked various questions in regard to his knowledge of and dealings with the accused, declined to answer on the ground that it might incriminate himself.   The questions have been certified to this court, together with the whole record, for its direction.   The Mary N. Hogan is now in the custody of the marshal in proceedings for her forfeiture in the district court for being fitted out in violation of the neutrality laws, under section 5283 of the Revised Statutes, and the accused appears as the claimant in that suit.   The same section imposes a heavy punishment by fine and imprisonment upon all who aid or assist in such an unlawful expedition.   The witness, in answer to certain questions, had stated that he acted as broker in the purchase of the vessel, but declined to answer for whom he acted as broker, and whether he made the bargain for the purchase.

It is not sufficient to excuse the witness from answering that he may in his own mind think his answer to the question might by possibility lead to some criminal charge against him, or tend to convict him of it, if made.   The court must be able to perceive that there is reasonable ground to apprehend danger to the witness from his being compelled to answer.   *Regina* v. *Boyes*, 1 Best & S. 311; Whart. Ev. § 538.

In this case there is no charge pending against the witness, nor is he threatened with any prosecution.   He does not specify or indicate any offense of which his answers may tend to incriminate him; and it is, therefore, mere surmise and possibility of some connection with the fitting out of the Mary N. Hogan, and that alone, which the court could go upon as excusing the witness from answering.   Such a mere surmise is plainly insufficient, without anything more tangible to support it.   In the *Matter of Graham*, 8 Ben. 419, questions as remote as some of those in the present case were held privileged, because it appeared from the previous examination of witnesses that the witness was charged with participating in a gambling transaction, which, if true, exposed him to a criminal prosecution according to the laws of the state of New York.

As this objection, however, would probably be at once obviated upon a re-examination of the witness by some sufficient statement, I may add that under section 860 of the Revised Statutes I think the general privilege claimed can no longer be upheld.   That section, in the language of the original act of February 25, 1868, (15 St. at Large, 37,) provides "that no answer or other pleading of any party, and no discovery or evidence obtained by means of any judicial pro-

ceeding from any party or witness in this or any foreign country, shall be given in evidence, or in any manner used, against such party or witness, or his property or estate, in any court of the United States, or in any proceeding by or before any officer of the United States, in respect to any crime, or for the enforcement of any penalty or forfeiture, by reason of any act or omission of such party or witness." The act is entitled "An act for the protection in certain cases of persons making disclosures as parties, or testifying as witnesses."

The reason of the former rule exempting witnesses from giving compulsory testimony against themselves, was that their testimony might be used to convict them. The statute above quoted, in preventing all possible use of testimony thus given, does away with the reason of the rule; and there is, therefore, no longer any ground for its application. The maxim, "*Cessat ratio, cessat lex,*" would seem to apply in full force. It has been so held in *U. S.* v. *Brown,* 1 Sawy. 531–536; *U. S.* v. *Williams.* 15 Int. Rev. Rec. 199; *In re Phillips,* 2 Amer. Law T. 154.

On behalf of the witness, it is claimed that he is still exempted from answering by the fifth amendment of the constitution, which provides that "no person shall be compelled, in any criminal case, to be a witness against himself." The precise point, as well as the previous question, was considered and overruled in the court of appeals in this state in the case of *People* v. *Kelly,* 24 N. Y. 74. DENIO, J., in delivering the opinion of the court, says:

"If a witness objects to a question on the ground that an answer would criminate himself, he must allege, in substance, that his answer, if repeated as his admission on his own trial, would tend to prove him guilty of a criminal offense. If the case is so situated that a repetition of it on a prosecution against him is impossible, as where it is forbidden by a positive statute, I have seen no authority which holds or intimates that the witness is privileged. It is not within any reasonable construction of the language of the constitutional provision. The term 'criminal case,' used in the clause, must be allowed some meaning, and none can be conceived other than a prosecution for a criminal offense. But it must be a prosecution against *him,* for what is forbidden is that he should be compelled to be a witness against himself. Now, if he be prosecuted criminally touching the matter about which he has testified upon the trial of another person, the statute makes it impossible that his testimony given on that occasion should be used by the prosecution on the trial. It cannot, therefore, be said that in such criminal case he has been made a witness against himself, by force of any compulsion used towards him to procure, in the other case, testimony which cannot possibly be used in the criminal case against himself."

It is unnecessary to add anything to this exposition of the law. Section 860 of the Revised Statutes will be a complete protection against the use of any testimony which the witness may now give in any other transaction or proceeding against him or his property.

The witness' claim of privilege must, therefore, be disallowed, and he must be required to answer the questions certified, and any others of a similar character.