taxed. The statute required to be set down in the second column the quantity of real property taxable to each person, with a statement thereof, in such form as the commissioners of taxes should prescribe. The appellant's right of way and roadbed ran through the respondent's town at a certain width, well known and understood, and the length stated in the roll as assessed was 34½ miles. This was in a column headed "No. of Lot." There could be no uncertainty as to the quantity of real property assessed, or the location thereof. It does not appear that the commissioners of taxes had prescribed any form for a statement in the roll as to this kind of real property. We do not think this assessment can be regarded as void for uncertainty as to the quantity or description of the real property assessed. In a third column the respondents set down, as required by the statute, the full value of such real property, under a proper heading, such full value being $207,000. Subsequently this valuation, at the request of the appellant, was reduced to $189,750. There was also set down in another column the amount of assessment per mile of the real property. This was not required by the statute, and could in no way affect the validity of the assessment. There was nothing stated in the roll as to personal property, because no personal property was assessed. .

We are not inclined to interfere with the discretion exercised by the special term in appointing a referee to take testimony and report as to the valuation of the real property assessed. The court regarded the taking of such testimony as necessary for the proper disposition of the matter, and we cannot say it was unnecessary. The reference was very properly confined to the value of the real estate. No question as to the value of personal property was involved. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

(64 App. Div. 145.)

## WESTON v. CITIZENS' NAT. BANK.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

PROCESS—SERVICE—NONRESIDENTS WITHIN STATE AS WITNESSES.

Defendant bank, a Pennsylvania corporation, was prosecuting an action within the state, and three of its directors, one of whom was the vice president, came into the state as witnesses, and process in an injunction suit was served on them. Preceding the service, the attorney procuring the papers, while in conversation with the directors, stated that he had some papers to serve on the defendant, and asked if any of them were directors, and one of them said, "Serve it on B.; he is vice president," which was done. *Held*, that the nonresidents had waived their immunity from service of process while in the state.

Rumsey, J., dissenting.

Appeal from special term, Cattaraugus county.

Action by Charles Weston, executor, against the Citizens' National Bank of Corry. From an order setting aside the service of process, the plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

J. H. Waring, for appellant.
Alexander Wentworth, for respondent.

SPRING, J.   The respondent is a national bank, located at Corry, in the state of Pennsylvania.   An action was pending, commenced by it to recover on a promissory note made by Weston Bros., as makers, to the order of one Ramsey, and which had been discounted at said bank.   Weston Bros. were a co-partnership consisting of Abijah, Orrin, and William W. Weston, and they were made defendants, as were the indorsers, and all were personally served.   On the 10th day of December, 1893, answer was served on behalf of the defendants Abijah and Orrin Weston.   None of the other defendants answering, an order was granted on the motion of the plaintiff in the action to sever the same, and judgment was entered on the 29th day of December, 1893, against the nonanswering defendants, in accordance with said order, and a trial had on the merits, resulting in a verdict for the defendants Abijah and Orrin Weston, which was subsequently reversed by the court of appeals.   162 N. Y. 113, 56 N. E. 494.   Prior to the trial a motion was made on behalf of the said answering defendants for leave to serve a supplemental answer, setting up the entry of the judgment against William W. Weston, one of the said joint makers, in bar to the further prosecution of the said action.   Said motion was denied at special term in the exercise of its discretion, and its order was affirmed by the appellate division. 81 Hun, 84, 30 N. Y. Supp. 619.   The first action was set down for retrial at the trial term at Little Valley, September 10, 1900, and its vice president and two other directors, all residents of Pennsylvania, went from Corry as witnesses in the action.   On the summons, complaint, and other papers a temporary injunction was granted, enjoining the prosecution of the original action until further order in the premises.   A copy of this injunction order was first served on the attorney for the bank, and later in the day, with the summons, complaint, and affidavits, on Mr. Barlow, who was vice president and a director of the bank.   A motion was made at special term to vacate the service on the ground that Mr. Barlow, being in the state solely for the purpose of testifying in the action, was exempt from the service of process.   The plaintiff claimed that this privilege had been waived, and the special term referred the matter to a referee to take proof and return the evidence, with his opinion thereon.   The referee heard the proofs, and submitted a report, in which he made specific findings of fact.   It appears from this report that, after the restraining order was served on the attorney for the bank, Mr. Barlow and the three other nonresident witnesses crossed the street to the clerk's office to ascertain if the judgment mentioned in the order had been entered.   Failing to find it, they made inquiries concerning it of Mr. Waring, who represented the Westons, and who told them that the judgment was entered in Erie county, and explained how it came about, and added, as the referee finds, "that he had some papers which he wished to have served on some officers of the defendant," and asked if they were directors, and Mr. Barlow replied that they were.   The referee then continued:

"Some one of the four persons above named spoke up, and said in the presence and hearing of the said Barlow that he, the said Barlow, was the vice president of the bank, and to make service on him, or that the service could be made on him. No denial or objection was made to this by any of the three officers of the bank there present, and service was made on the said Barlow as vice president of the defendant. The conversation that preceded the service of the papers indicates, in my judgment, an assent to such service on the part of the said Barlow, and a waiver of the statutory prohibition as to service of process on a nonresident of the state present in the state as a witness."

Mr. Waring, in his narration of what occurred at the time the process was served, after testifying that Mr. Barlow, or one of those with him, stated that they were all officers, added:

"Some one spoke up, and said that Mr. Barlow was the vice president of the bank, and to serve on him; and I directed the sheriff to make the service on him, and he made it right there."

Mr. Waite, the deputy sheriff who served the papers, testified that one of those with Mr. Barlow said, "Serve it on him [Barlow]; he is vice president." Mr. Dawson, one of the directors of the bank, testified that one of their party said to Mr. Waring "that Mr. Barlow was the vice president of the bank, and that the papers could be served on him." It is therefore evident that the proofs supported the finding of fact by the referee that the service was made upon the vice president after what was equivalent to an invitation to make the same. The rule is well settled that while a nonresident is in the state as a witness he is exempt from service of process. Matthews v. Tufts, 87 N. Y. 568; Parker v. Marco, 136 N. Y. 585, 32 N. E. 989, 20 L. R. A. 45; Sizer v. Lumber Co., 57 App. Div. 390, 68 N. Y. Supp. 232. This exemption is a personal privilege, and can be waived like any other favor or benefit inuring to a party. The officers of this bank were in this state to enforce a demand against the appellant, who is the executor of the said Abijah Weston. Weston had not been allowed to interpose a defense which it is claimed existed in his favor. The appellant thereupon sought to make that defense the subject-matter of a new action, and, if it was available to him with the effect claimed for it, the original cause of action of the respondent would be extinguished. In some states the service of process upon a foreign corporation carrying on its business within the state is effective "in all litigation pertaining to that business, independently of any statute authorizing service of process." 13 Am. & Eng. Enc. Law (2d Ed.) p. 895. It is unnecessary to go to that extent in the present case to uphold the efficacy of the service. But the principle referred to indicates that the service of process upon a plaintiff in a new action which names him as defendant, but which relates to the same subject-matter as the pending action, does not require any straining on the part of the court to relieve him from the service. The officers of the bank were voluntarily in the state. The vice president had in his hand the injunction order which had been served upon the attorney for the bank. He knew its contents, and was informed by the attorney who procured it that an officer had the papers for service upon which the injunction order was granted, and which contained the facts referred to in the order, as soon as

an officer of the defendant could be found. One of the directors then said that Barlow was vice president, and service could be made upon him, and the attorney adopted the suggestion, and caused the papers to be served. If these intelligent men representing the bank intended to shield themselves by their immunity from service, then was the time to assert the privilege; instead of soliciting such service.

With a judgment in favor of the original defendants, which was only recently reversed, there was no occasion for the present action, and consequently Weston or his executor is not chargeable with laches. The order should be reversed, with $10 costs and the disbursements of this appeal, and the motion to dismiss denied, with $10 costs.

So ordered. All concur, except RUMSEY, J., who dissents in opinion.

RUMSEY, J. (dissenting). The defendant is a foreign corporation. One Barlow, who was its vice president, had occasion on the 10th of September, 1900, to go to Little Valley, in the county of Cattaraugus, as a witness to attend the trial of an action in which the respondent was defendant. While he was there actually in attendance upon the court for that purpose, the summons and injunction order in this action were served upon him. A motion was made to vacate the service. There was considerable dispute as to the facts upon the motion, and the matter was referred to a referee to take proofs, and to report the same, with his opinion, to the court. The referee reported the fact that, in his judgment, the service of the papers was not within the statutory prohibition, and that the motion should be denied; but, when the case was brought before the court at special term, it overruled the referee's opinion, and granted the motion. We think that there can be no doubt that this action of the court was proper. It is not denied that Barlow, upon whom the service was made, was the vice president of the defendant, and was in attendance at the trial of the action at Little Valley for the purpose of protecting the interests of his bank. The rule is not denied that, when an officer of a corporation has gone into a foreign jurisdiction for the purpose of attending a litigation there pending, he is exempt from the service of process upon him while he is there engaged in the business which brought him, and for a reasonable time thereafter. Clark v. Grant, 2 Wend. 257; Sizer v. Lumber Co., 57 App. Div. 390, 68 N. Y. Supp. 232. The only question was whether Barlow had waived the immunity which he possessed. Passing the question whether he was at liberty to waive it, which we do not think is of importance, we think there can be no doubt that upon all the evidence there was nothing which would warrant any one in supposing that he was willing that the service should be made upon him. It appeared that when the matter was spoken of some one said that Barlow was the vice president of the corporation, and that service of the summons and injunction might be made upon him. Barlow denies that he said it, or that he was aware that it was said, and no one pretends to testify that it was said by him that papers might be served on him,

or that he was aware that any such statement had been made. Clearly, the facts thus shown did not constitute an invitation that the service might be made upon him, or a waiver of the immunity which the law granted him.

There is no pretense that there was any laches in making this motion. The service was made on the 10th of September, 1900, and the motion to vacate the service was made within five days thereafter. We can see no reason why the service should be permitted to stand, if ever, under any circumstances, a nonresident is to be given the immunity to which he is entitled to attend the trial of an action in this state.

The order should be affirmed, with $10 costs and disbursements.