## MORROW v. U. H. DUDLEY & CO.

(District Court, M. D. Pennsylvania. March 13, 1906.)

No. 8.

1. PROCESS—SERVICE—EXEMPTIONS—ATTENDANCE AT COURT—BANKRUPTCY PROCEEDINGS.

Hearings before a referee in bankruptcy are within the rule that a party may attend a judicial hearing away from the place of his residence without being subjected to the service of process.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Process, § 146.]

2. SAME—WAIVER OF PRIVILEGE—DELAY.

A delay of three weeks in applying to have set aside service of summons made on one while going to the train after attending a judicial hearing did not operate as a waiver.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Process, § 123.]

Rule to Set Aside Service of Summons.

R. W. Rymer, for the rule.

C. A. Van Wormer, opposed.

ARCHBALD, District Judge. Service of the summons in this case was made on W. D. Breaker, one of the defendants, a resident of New York, on January 20, 1906, while he was at Scranton, Pa., for the purpose of attending a hearing in bankruptcy before W. L. Hill, referee, in support of a claim of the defendant firm against the La Plume Condensed Milk Company, of which the plaintiff is trustee. The hearing was fixed for January 19th, and, after the parties had met, and proceeded a certain distance, it was adjourned to the next day. Service was made after the completion of the adjourned hearing, as the defendant was on his way to the train to return home. The summons were returnable the fourth Monday of February (February 26th), the first day of the next term; and, on February 10th, the present rule to set aside the service was taken.

Of the right of a party to attend a judicial hearing away from the place of his residence, without being subjected to the service of process, there is, of course, no question. 1 Tr. & Haly Prac. § 236. And hearings before a referee in bankruptcy are within the rule. Arding v. Flower, 8 Term R 534; Selby v. Hills, 8 Bing. 166; Ex parte King, 7 Ves. 312; Ex parte List, 2 Ves. & B. 373; Matthews v. Tufts, 87 N. Y. 568. The privilege is personal, however, and may be waived; and will be taken to be so, unless insisted upon promptly. Matthews v. Puffer (C. C.) 10 Fed. 606; Hendrick v. Gates, 3 C. P. Rep. (Pa.) 160. There was a delay of three weeks in the present instance, and it is contended that this operated as a waiver. But I am not so persuaded. Ordinarily, it is sufficient if application to set aside the service is made on or before the return day (Lederer v. Adams, 19 Civ. Proc. R. [N. Y.] 294, 11 N. Y. Supp. 481; McPherson v. Nesmith, 3 Grat. [Va.] 237), provided no other step has been taken in the case (1 Tr. & Haly Prac. § 240), and the situation of the parties has not changed meanwhile (Webb v. Taylor, 9 Jur. 39; Massey v. Dantum, 12 Wkly. Notes Cas. [Pa.] 436; Young v. Armstrong, 13 Wkly. Notes Cas.

[Pa.] 313). It was held in Souder v. Burling, 1 Tr. & Haly Prac. § 236 note, that it must be made before the defendant leaves the jurisdiction. But the circumstances which led to this observation are not stated, and there is nothing to determine, therefore, how far it may be properly extended to other cases. It is probable that there the defendant did not depart immediately, for it is said that if he had insisted on his privilege at once, the plaintiff might have had the process served upon him legally, afterwards, before he left. In this respect, it is like the case where the defendant returns into the jurisdiction, putting himself again within reach of process, before he moves; which is held to be a waiver. Massey v. Dantum, 12 Wkly. Notes Cas. (Pa) 436; Hendrick v. Gates, 3 C. P. Rep. (Pa.) 160. But it certainly does not apply where, as here, the defendant was served on his way to the train.

The rule is made absolute, and the service set aside.