UNITED STATES v. COLLINS.

(District Court, D. Oregon. April 27, 1906.)

No. 4,855.

1. WITNESSES—PRODUCTION OF DOCUMENTS—BOOKS OF PARTNERSHIP.

A showing that books of account which a witness is required by a subpoena to produce are the books of a partnership of which he is a member and are not in his custody except as a member of the firm, without more, affords no ground of excuse of his refusal to produce them.

2. SAME—CLAIM OF PRIVILEGE.

A claim of privilege under the fifth constitutional amendment is insufficient to excuse the failure to produce books as required by a subpoena duces tecum where it is based solely on the statement of the person making the claim that the books if produced will constitute evidence which will tend to incriminate him, and he has not moreover been sworn as a witness. To entitle him to make such claim he must have been sworn as a witness, and must satisfy the court that there is reasonable ground therefor by something further than his mere assertion.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 1064, 1066.]

Proceeding for Contempt.

John J. Collins was subpoenaed to appear in court and testify as a witness in behalf of the United States, and was required by such subpoena to

bring with him each and every record, book, paper, file, or instrument, or other record in his possession or under his control, showing, or containing, or having therein any matter or thing pertaining or relating to the business of E. Dorgan, or Francis Devine, or Dorgan & Devine, associated together either with him, the said Collins, or separately, within. and during the years 1902 and 1903, whether made or entered by him, or by Dorgan or Devine, or either or any of them, in respect of said business. He appeared in obedience to the subpoena (the purpose of which, it should be said, was to procure his testimony before the grand jury, now in session), but has refused to bring with him any record, book, paper, file, or instrument called for. The witness is now here to answer the complaint of the district attorney, and show cause why he is not in contempt of the court in refusing to obey such subpoena. He shows that E. Dorgan, Francis Devine, and himself were at the dates mentioned, and now are, partners doing business at Albany, Or., under the firm name of "E. Dorgan & Co."; that the records. books, etc., of such firm are the only records of the nature called for of which he has any knowledge, and that the same were not, at the time of the service of the subpoena, and are not now. in his custody, except as one of the members of the firm; and, further, that such books, etc., if produced, will constitute such evidence as would tend to incriminate him, the said Collins, and render him liable to prosecution and conviction for a crime against the United States; and that, under the fifth amendment to the federal Constitution, he claims the privilege accorded him of refusing to produce such records, books, etc. Thereupon, he prays a dismissal of the proceeding.

W. C. Bristol, U. S. Atty.

L. M. Curl and Percy R. Kelly, for defendant.

WOLVERTON, District Judge (after stating the facts). Two reasons, it will be seen, are assigned by Collins why he should not be required to bring the records, books, etc., called for by the subpoena: First, that they are in the hands of a partnership, of which he is a member only; and, second, that if produced they will constitute evidence, the tendency of which will be to incriminate him, or to render him subject to prosecution for a crime against the United States. Of these, in their order, it is familiar law that every member of a firm is an agent thereof; but not only this, he is ordinarily as much entitled to the records, books, files, etc., of the firm as any other member; and the simple fact, as alleged here, in effect, that the records, etc., are in the possession and under the control of the firm does not hinder the defendant in the least from bringing them away. He says they are not under his control or in his custody except as one of the members of the firm; thus leaving the palpable inference that they are under the control of the firm—he having as much right to their possession as any other member. Such a state of facts manifestly does not, without further showing that he is unable for some pertinent reason to bring them, excuse his refusal. The firm has not denied him the right, or taken the books and records away out of his reach, and, being a member, he is able to bring them for aught that is shown.

As to the second reason urged why defendant should be excused from producing the documents, the showing made is manifestly insufficient, for two reasons: First, the act solely of bringing the papers, conceding that they do contain matters tending to the witness's incrimination, will not subject him to prosecution and conviction of a crime; and, second, his mere statement that such records and papers do contain matters that,

if disclosed, would tend to his incrimination, is insufficient to excuse him. The constitutional guaranty under the fifth amendment is that "no person * * * shall be compelled, in any criminal case, to be a witness against himself." It has been determined that the object of this guaranty, broadly construed, "was to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime." Counselman v. Hitchcock, 142 U. S. 547, 562, 12 Sup. Ct. 195, 35 L. Ed. 1110. And so it was said in Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, construing the fourth amendment in connection with the fifth that "any compulsory discovery by extorting the party's oath, or compelling the production of his private books and papers, to convict him of crime, or to forfeit his property, is contrary to the principles of a free government." Under the fifth amendment, therefore, it would seem that the party invoking its aid by way of claiming exemption, must first be a witness; and under the fourth, the compulsory production of his papers must be for the purpose of convicting him of a crime. Now, a party is not properly a witness, qualified to testify, until he has taken the prescribed oath, and it is only as a witness that he can claim the exemption, so that until he has become a witness, the guaranty that the amendment affords him is not being impinged upon, and he is not in a position to assert that he is being compelled to testify against himself. It was conceded, and so held by the court, in United States v. Kimball (C. C.) 117 Fed. 156, that:

"It is well settled that a witness cannot claim his constitutional privilege until he is sworn. He must take the oath, so that his assertion of privilege shall be made under that sanction."

After citing authorities in support of the principle, the court proceeds as follows:

"If a person cannot claim his privilege until he has been sworn, it logically follows that the constitutional provision cannot until that time be violated. It cannot be violated before it can be invoked for his protection; hence the conclusion is that compulsion, within the meaning of the Constitution, does not arise from mere summoning and swearing the witness."

Such being the law, and the reason of it, a priori, it would not be an infraction of the Constitution to require the party by subpœna duces tecum, while not under oath or a qualified witness, to bring his papers containing incriminating evidence. Until he is called upon to disclose the incriminating matter involving himself in a transgression of law for which he might be subject to prosecution, he is not in a position to claim the exemption.

Proceeding to the second reason, it was held by Lord Chief Justice Cockburn, in Queen v. Boyes, 1 B. & S. 311, 321, that:

"To entitle a party called as a witness to the privilege of silence, the court must see, from the circumstances of the case and the nature of the evidence which the witness is called to give, that there is reasonable ground to apprehend danger to the witness from his being compelled to answer, although if the fact of the witness being in danger be once made to appear, great latitude should be allowed to him in judging for himself of the effect of any

particular question. * * * The object of the law is to afford to a party, called upon to give evidence in a proceeding inter alios, protection against being brought by means of his own evidence within the penalties of the law."

I have quoted the above from Brown v. Walker, 161 U. S. 591, 599, 600, 16 Sup. Ct. 644, 40 L. Ed. 819, without verifying the English case. So it was said in United States v. McCarthy (C. C.) 18 Fed. 87:

"It is not sufficient to excuse the witness from answering that he may in his own mind think his answer to the question might by possibility lead to some criminal charge against him, or tend to convict him of it, if made. The court must be able to perceive that there is reasonable ground to apprehend danger to the witness from his being compelled to answer."

While this case is overruled in the main by Counselman v. Hitchcock, supra, yet as to this announcement of the law, it is approved by the case of Brown v. Walker, supra, in making the quotation from Lord Chief Justice Cockburn above given.

Now, the answer of Collins goes no further than to declare that these records, books, papers, etc., if produced, will constitute such evidence as would tend to incriminate him; it does not appear how, and in what way. The subject-matter of the investigation under way before the grand jury is not given; nor is it shown what relation he sustains thereto, or how, or in what manner, the subject-matter of the records will affect him, except by the sheerest conclusion. If the mere assertion of a witness required to bring with him documents under a subpœna, that they contain matter incriminating him, were sufficient to exonerate him from obeying the mandate of the court, it would be useless to attempt to obtain any such documentary evidence in many instances, as a party's interest would overcome his veracity in statement, he not being subject to the penalties of the violation of an oath. The real situation is strongly stated in Brown v. Walker, supra. The court says:

"The danger of extending the principle announced in Counselman v. Hitchcock is that the privilege may be put forward for a sentimental reason, or for a purely fanciful protection of the witness against an imaginary danger, and for the real purpose of securing immunity to some third person, who is interested in concealing the facts to which he would testify. Every good citizen is bound to aid in the enforcement of the law, and has no right to permit himself, under the pretext of shielding his own good name, to be made the tool of others, who are desirous of seeking shelter behind his privilege."

I am of the opinion that the witness has not excused his refusal to obey the mandate of the subpœna. He will therefore be required to produce the papers called for by tomorrow morning at 11 o'clock, under the subpœna, and in default thereof, will be committed to the county jail of Multnomah county, Or., until he shall produce the same.

And it is further ordered that he pay the costs of this proceeding.