---

### In re HALL et al.

(District Court, S. D. New York.    March 10, 1924.)

1. **Process ☞119, 120—Person in district in attendance on court exempt from service.**

    It is the rule in the federal courts that a person temporarily and voluntarily within the district, for the purpose of attending in a state or federal court either as a witness or a party in a civil or criminal case, is exempt from service of process.

2. **Witnesses ☞5, 14—Exemption from service of subpœna and receipt of insufficient mileage waived, if not claimed on return day.**

    Objections of a witness because of exemption from service of subpœna and the receipt of insufficient mileage are waived, if not raised on return day.

3. **Witnesses ☞5—Failure to claim exemption from service before being sworn held waiver of objection.**

    A witness who attends before the court in obedience to a subpœna, and submits himself to be sworn, waives the right to thereafter object that he was exempt from service of the subpœna.

In Bankruptcy. In the matter of Louis T. Hall and Charles J. Anastasia, individually and as members of the firm of Hall & Co., bankrupts. On review of the order of referee denying petition of George W. Field to vacate subpœna. Affirmed.

Ely Rosenberg, of New York City, for petitioner.
Henry W. Sykes, of New York City, for trustee in bankruptcy.

GODDARD, District Judge. This is a petition to review an order of a referee in bankruptcy denying a motion made by petitioner, one George W. Field, to vacate the service of a subpœna served upon Field on November 2, 1923, while Field, who was a resident of the town of Milford, state of Connecticut, was in this district for the purpose of pleading to an indictment which had been found against him by the federal grand jury. Field was served shortly after leaving the courthouse, and at the time the subpœna was served upon him it was accompanied by $1.08 for mileage. The subpœna called for his appearance "forthwith" before the referee. Immediately the petitioner, accompanied by his attorney in the criminal proceeding, attended before the referee. The record as to what then took place before the referee is as follows:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"George W. Field, having been first duly sworn, testified as follows:

"By Mr. Fallon: Q. What is your name? A. George W. Field.

"Mr. Fallon: In view of the absence of Mr. Henry W. Sykes, attorney for the trustee, who was here, but had to leave for another appointment, and in view of the fact that Mr. Rosenberg, Mr. Field's counsel, finds it necessary to observe his religious duties, I suggest to your honor that we adjourn the examination of Mr. Field until some future date, and that you direct him to appear.

"Q. Mr. Field, have you in your possession or under your control—

"Mr. Rosenberg: I reserve my right at this time to move to set aside this subpœna, on the ground that it is irregular, and I would like to take it up with the referee.

"The Referee: Of course, you may advise your client that, if there is any answer that might tend to incriminate or degrade him, he may refuse to answer upon that ground.

"Mr. Fallon: I will have to insist, if Mr. Rosenberg takes the attitude of impeding this examination, upon a ruling that Mr. Field is not entitled, as a matter of law, to counsel.

"Mr. Rosenberg: I consider as a matter of law he is entitled to counsel, where he is now under indictment and has to plead to an indictment, and where a question might be put to him that might tend to incriminate or degrade him.

"The Referee: Of course, that is something he can trust to the discretion of the referee. Under those circumstances, if counsel will in no wise impede the examination, we are inclined to allow counsel to be present.

"By Mr. Fallon: Q. Have you in your possession or under your control, or do you know the whereabouts, of certain canceled check vouchers of the firm of G. W. Morse & Co., of the firm of Hill & Co., drawn to the order of George W. Morse, and indorsed by him to the order of his wife, Mrs. George W. Morse, totaling payments of approximately $3,000? A. I refuse to answer, on the ground that it would have a tendency to incriminate or degrade me.

"Q. You swear that it would tend to incriminate or degrade you? A. It would have a tendency to incriminate or degrade me.

"Q. Do you swear that it would? A. It would have a tendency to incriminate or degrade me. ·

"Q. Do you swear that the truthful answer to that question would tend to incriminate or degrade you? A. Yes, sir; I swear it would.

"Q. Do you honestly and truthfully believe that a truthful answer to that question would in fact tend to incriminate or degrade you? A. I honestly believe it would.

"Mr. Fallon: I will ask your honor to fix an adjourned date.

"By the Referee: Q. You understand you are under examination of this court? A. I do.

"Q. You are directed to appear for further examination on Monday, November 12th, at 2 o'clock p. m. Do you so understand? A. Yes, sir."

"Hearing adjourned to November 12, 1923, at 2 p. m."

On November 12th, and again on November 23d, the hearing was adjourned at the request of petitioner's attorney on the ground that the petitioner was too ill to attend. On December 7th an order was issued out of this court by Judge Learned Hand, directing the petitioning creditors to show cause why the service of this subpœna should not be vacated and set aside. On the call of the calendar, the motion was referred by Judge Hand to the referee, as the bankrupts' estate had been adjudicated. The grounds upon which petitioner moved to set aside the service were that petitioner, when served, was in the district for the sole purpose of pleading to an indictment, and therefore immune

from service, and further that the petitioner received only $1.08 mileage, and that the correct mileage from petitioner's residence was $2.28. After hearing this motion, the referee found as follows:

"I hold that the objections raised by the petitioner have all been waived by his appearance and examination in this court. Motion denied."

To this finding Mr. Rosenberg, attorney for the petitioner, excepted.

[1] The rule in the federal courts is that a person temporarily and voluntarily within the district for the purpose of attending in a state or federal court, either as a witness or a party, civil or criminal, is exempt from the service of process. Stewart v. Ramsay, 242 U. S. 128, 37 Sup. Ct. 44, 61 L. Ed. 192; Dwelle v. Allen (D. C.) 193 Fed. 546; Kaufman v. Kennedy (C. C.) 25 Fed. 785, Foster's Federal Practice (6th Ed.) § 167.

A witness is, of course, entitled to the proper mileage, and in this instance the witness received $1.08, and not the $2.28, the correct mileage from Milford.

[2] However, the exemption from service of process and the receipt of insufficient mileage are waived, if they are not raised on the return day. Matthews v. Puffer (C. C.) 10 Fed. 606; Morrow v. Dudley (D. C.) 144 Fed. 441; Weston v. Citizens' National Bank, 64 App. Div. 145, 71 N. Y. Supp. 827. The question here is whether the petitioner did waive the exemption and receipt of insufficient mileage.

[3] I think that, if a person attends before a court in response to a subpœna, submits himself to be sworn to testify as a witness in the proceeding, and no objection is raised as to the services of the process until afterwards, during the course of the examination, he may be said to have waived defects in the service of the subpœna, submitted himself to the jurisdiction of the court, and qualified as a witness. I find no direct authority as to the precise time a person does become a witness, but the above seems to me a fair and proper conclusion, and this view is consistent with the statement of Judge Wolverton in United States v. Collins (D. C.) 145 Fed. 709, 711:

"Now, a party is not properly a witness, qualified to testify, until he has taken the prescribed oath.  *   *   * "

The order of the referee herein is confirmed.