### SAPER v. HAGUE.

### No. 145, Docket 21862.

United States Court of Appeals
Second Circuit.

Argued Jan. 5, 1951.

Decided Jan. 25, 1951.

I. Arnold Ross, New York City, Arthur C. Kellman, New York City, of counsel, for appellant.

No appearance for appellee.

Before L. HAND, Chief Judge, and SWAN and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

■ This appeal presents the question whether the referee in bankruptcy erred in denying the trustee's application for a certificate and order under section 41, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 69, sub. b, whereby the trustee sought to have Mrs. Bond held in contempt of court for failing to obey a subpoena directing her to appear for examination pursuant to section 21, sub. a, 11 U.S.C.A. § 44, sub. a. When the subpoena was served upon Mrs. Bond she was given one dollar. This was an inadequate sum for witness fee and mileage.[1] Concededly the insufficiency of the payment was a valid excuse for not obeying the subpoena, unless she waived the defect in service. The referee held the defect was not waived. Hence the specific question for decision is whether that conclusion is supportable on the record before us.

The subpoena was returnable April 4, 1950 at 2 P.M. At that time the witness did not appear and the referee noted her default. Mr. Glaser, an attorney who was present in the court room, then said: "I will enter a special appearance if the position of the trustee is that she was *actually* served" (italics added). To this the referee replied "I will note only that she isn't here." Shortly thereafter, by petition and order to show cause, the trustee instituted the present proceeding. An answer was filed on Mrs. Bond's behalf by Attorney Glaser which stated that personal service of the subpoena had not been made; "that the same was left under the door of apartment 4D at 152 East 53rd Street, New York, New York." Upon the hearing the trustee proved personal service by the testimony of the process server. His cross-examination brought out that the fee paid her was only one dollar. Paragraph 4 of the trustee's petition had alleged this fact; as to that paragraph the answer merely denied "any knowledge or information sufficient to form a belief." At the conclusion of the process server's cross-examination the trustee rested. Mrs. Bond's attorney then moved to deny the petition on the ground that "the service of the subpoena was defective," without specifying in what respect. The petition was denied, subject to an application to reopen the proceeding, which was done a week later. At the reopened hearing the trustee introduced a transcript of the colloquy between the referee and Mr. Glaser on April 4th, which has already been set forth. Thereafter the referee made his order denying the petition, and, on petition for review, the district court confirmed it.

■ The appellant contends that failure to raise on the return day of the subpoena the insufficiency of the payment for mileage and witness fee was a waiver of that excuse for not obeying the subpoena. In the case of In re Hall, 2 Cir., 2 F.2d 1016, this court affirmed a decision by Judge Goddard whose opinion, DC., 296 F. 780, 782, stated that the receipt of insufficient mileage is waived if not raised on the return day.[2] But this decision, as well as those cited in note 2, supra, was rendered before the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. which are now applicable to proceedings in bankruptcy.[3] Under Rule 12 (b), set out in the margin,[4] the defense of insufficiency of service of process may be

---

1. 11 U.S.C.A. § 69, sub. a; 28 U.S.C.A. § 1821. She was entitled to receive $4.00 as a witness fee, plus mileage at the rate of 7 cents per mile from her home at 152 East 53rd Street, New York City, to the federal Court House and return.

2. See also Matthews v. Puffer, C.C.N.Y., 10 F. 606; Morrow v. U. H. Dudley Co.,

D.C.Pa., 144 F. 441; Leber v. United States, 9 Cir., 170 F. 881; Weston v. Citizens National Bank, 64 App.Div. 145, 71 N.Y.S. 827.

3. General Order 37, 11 U.S.C.A. following § 53.

4. Rule 12(b), 28 U.S.C.A. "How Presented. Every defense, in law or fact, to a

594

asserted either in the responsive pleading or by motion. Had the answer to the trustee's petition under section 41, sub. b set up the insufficiency of service of process because of inadequate payment, we think the objection would have been timely under the Rule. The answer did not do so; hence the objection would have been waived under Rule 12 (h) had not the fact of inadequate payment been brought out by the process server's testimony. If the respondent had then moved to amend her answer to raise this objection, the amendment would have been proper under Rule 15 (b). That Rule provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings. A motion to conform the pleadings to the proof may be made at any time, even after judgment. As Professor Moore has pointed out in his treatise on Federal Practice, Rule 15 (b) operates as an exception to the rule that defenses not pleaded are waived.[5] This is certainly true where as here, the defense tried by consent goes to the merits of the matter before the court.[6]

For the foregoing reasons we hold that the objection of inadequate payment was timely made and no waiver thereof was shown. It is unnecessary to consider what,

if any, effect could be accorded to Mr. Glaser's so-called special appearance, since the Rules nowhere make provision for a "special appearance."

Order affirmed.

claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a

responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

5. 3 Moore's Federal Practice, 2d ed., Par. 15.13, p. 846.

6. Vernon Lumber Corp. v. Harcen Const. Co., 2 Cir., 155 F.2d 348. Compare Trounstine v. Bauer, Pogue & Co., 2 Cir., 144 F.2d 379, 383.