**JUSZCZAK v. HUBER MFG. CO.**

Civ. No. 5414.

United States District Court
W. D. New York.

Jan. 26, 1953.

Adel & Barlow, Buffalo, N. Y., for plaintiff.

Dudley, Stowe & Sawyer, Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

Defendant has moved for an order quashing the attempted service of the summons and complaint upon the defendant and to dismiss the complaint for lack of jurisdiction, insufficiency of process and the insufficiency of the attempted service of said process on the defendant and for such other and further relief as may be just and equitable.

From the motion papers it appears that the summons in the action was issued by the Clerk of this Court; that defendant is an Ohio corporation having its principal office at Marion, Ohio; that defendant has no place of business, stock of merchandise or officer or employee in the State of New York; that the defendant has not been engaged in business or qualified to do business within the State of New York; that the process of this Court was forwarded to the United States Marshal for the Northern District of Ohio for service on the defendant; that said marshal certified that service of such process had been made upon the defendant by leaving a copy thereof with the president of defendant at its offices in the city of Marion, Ohio, and that such proof of service was filed with the Clerk of this Court. Thereafter defendant appeared by Dudley, Stowe & Sawyer, Esqs., its attorneys. Three stipulations extending the time of defendant to answer were granted upon the order of the Clerk pursuant to our Rule 6(b). Prior to the expiration of the last stipulation, defendant served and filed the notice of motion herein asserting lack of jurisdiction and insufficiency of the attempted service of the process.

On the oral argument of this motion plaintiff contended that defendant, by the extensions of time to answer and by its voluntary appearance, had waived its right to attack the jurisdiction of this Court over the defendant with respect to the service of the summons and complaint beyond its territorial limits.

Effective service of the process of this Court in this action is limited to the territorial limits of this State. Federal Rules of Civil Procedure, Rule 4(f), 28 U.S.C.A. Jurisdiction of the person may be raised by motion at any time before pleading or in the answer. Federal Rules of Civil Procedure, Rule 12(b, h).

None of the cases cited are helpful for the reason that they were decided prior to the amendment of Rule 12, except Saper v. Hague, 2 Cir., 186 F.2d 592, where service of a subpoena upon a witness was held invalid because it was not accompanied with the proper sum for witness fee and mileage and there was no waiver of the defect.

In the present case service of process was made in the State of Ohio and the defendant has not consented to the jurisdiction of this Court.

Defendant's motion to set aside the service of the summons and complaint is granted. Order may be presented in accordance with this memorandum.