Hyman MARCUS, Sidney Held and Oscar Zinn, as stockholders of Trans-United Industries, Inc., and any and all other stockholders who may join and participate in this particular action, Plaintiffs,

v.

TEXTILE BANKING COMPANY and Robert E. Cohn, Defendants.

United States District Court
S. D. New York.
May 26, 1965.

Harry Salvan, New York City, for plaintiff.

Boyden & Sarnoff, New York City, for defendant Cohn.

TENNEY, District Judge.

Defendant Cohn moves herein to dismiss the instant action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the ground, *inter alia*, of lack of jurisdiction over his person. Since it is clear that his position is well taken, the Court need not discuss the other proffered grounds. However, mention will be made of the apparent violation by plaintiffs of the order of the Honorable Judge Blumenfeld of the District Court of Connecticut in the institution of the within action.

On March 3, 1965, defendant made a similar motion returnable before Judge Cannella. The motion was subse-

quently withdrawn and a stipulation of discontinuance with prejudice was signed by counsel for the respective parties and "so ordered" by the Clerk of the Court. This stipulation was stricken and declared void by Judge Cannella on March 19, 1965, in the apparent belief that the action could not be discontinued without notice to stockholders. He made no specific ruling on that point but noted on the proposed order embodying the stipulation that the papers submitted were deficient. It is not clear from the complaint as drawn, or the papers submitted, as to the nature of the cause of action, and Judge Cannella's refusal to sign the stipulation of discontinuance was as a result of this confusion. Nor is it any more clear from the papers before me as to what type of an action this is. While plaintiffs continuously classify the action as a derivative one, they have failed, *inter alia*, to join the corporation as a party, a fatal defect. Greenberg v. Giannini, 140 F.2d 550, 554, 152 A.L.R. 966 (2d Cir. 1944); 3 Moore ¶ 23.21 at 3530 (2d ed. 1964); 2 Barron & Holtzoff, Federal Practice & Procedure § 564 (1961). Nor is the complaint verified, another fatal defect. Rule 23(b), Federal Rules of Civil Procedure; 2 Barron & Holtzoff § 571 (1961).

However, since there can be no doubt that the action as it relates to Cohn must be dismissed, we have assumed, *arguendo*, that the action is in fact a stockholders' derivative suit, which would, under the circumstances outlined in Rule 23(c), require notice to shareholders. Accordingly, the issue now before the Court is whether a dismissal for lack of personal jurisdiction is the type of dismissal contemplated by Rule 23(c) as necessitating notice to stockholders. A corollary issue is whether defendant Cohn, by entering into the stipulation of discontinuance which was subsequently declared void, thereby waived his right to object to lack of personal jurisdiction.

■ The attorney for plaintiffs has conceded at page 8 of his memorandum in opposition that "service [on Cohn] in the state of Connecticut was defective * * *," and it is clear that such is the case. As noted above, subsequent to making the motion to dismiss, defendant Cohn withdrew that motion and entered into a stipulation of discontinuance, which plaintiffs contend constituted a general appearance waiving the right to thereafter raise the objection of lack of personal jurisdiction. This position, however, is specious and is lacking of any merit.

Initially, I might observe that, even if the stipulation barred the reassertion of the defense of lack of personal jurisdiction, that stipulation was stricken and declared void by Judge Cannella, thereby reducing it to a nullity, having no more effect in law.

In addition, and more significant, is the fact that this defense is not waivable in the manner asserted herein.

Rule 12(b) provides that this defense can be raised either by motion or in the answer and the manner in which it is waived is set forth in subdivision (h) of that rule. Since these objections can be raised either by motion or answer, it is not apparent how action, such as taken here by defendant [1] prior to motion or answer, will bar their later assertion.

■ In Juszczak v. Hubber Mfg. Co., 13 F.R.D. 434 (W.D.N.Y.1953), defendant, prior to answer and/or motion, appeared by its attorneys, and three stipulations extending its time to answer were thereafter entered into. The Court nonetheless considered the motion and in fact dismissed the action for lack of personal jurisdiction; accord, Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871 (3d Cir. 1943); Bartner v. Debiasse, 20 F.R.D. 355 (E.D. N.Y.1957); Emerson v. National Cylinder Gas Co., 131 F.Supp. 299 (D.Mass.

1955); compare Spearman v. Sterling S. S. Co., 171 F.Supp. 287 (E.D.Pa.1959). Accordingly, we proceed to the second question—whether the type of dismissal requires notice to stockholders under the provisions of Rule 23(c), which, as noted above, we have assumed is applicable to the instant action.

Rule 23(c) in pertinent part provides:

"A class action shall not be dismissed or compromised without the approval of the court. If the relief sought to be enforced is one defined in paragraph .(1) of subdivision (a) of this rule notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

A mere examination of the rationale behind the notice requirements in Rule 23(c) reveals its inapplicability on the grant of a motion to dismiss for lack of personal jurisdiction. "The purpose of the provision is the protection of other members of the class against the unjust or unfair settlements in case a plaintiff who starts the action becomes faint-hearted before its completion or secures satisfaction of his individual claims by compromise." 2 Barron & Holtzoff § 570 at 331 (1961). As was observed by Judge Edelstein in Birnbaum v. Birrell, 17 F.R.D. 409, 411 (S.D.N.Y.1955), "[t]he purpose of Rule 23(c) is undoubtedly aimed at the unsavory practice of private and collusive settlement of stockholders' suits." See also Wolf v. Barkes, 348 F.2d 994 (2d Cir. June 21, 1965).

With that rationale in mind, it seems clear that a dismissal on the grounds raised herein does not require notice.

"It has been held that the requirements that in a true class action notice of a proposed dismissal or compromise be given to all members of the class applies only to voluntary dismissals by the plaintiff and that such notice is not a condition precedent to dismissal by the

---

1. Actually, the action, i.e., stipulation, was only attempted since it was stricken and declared void.

court after a hearing on the merits. [See cases cited at note 2] This is a reasonable interpretation of the Rule and the Advisory Committee has not suggested any change." 3 Moore, Federal Practice ¶ 23.24[3] at 3550 (2d ed. 1964). See Barron & Holtzoff § 570 (1961). Professor Moore then suggests that the Court in its discretion give notice in certain circumstances; however, the situations cited are clearly distinguishable from the grounds here asserted.

While it has been held that a dismissal for lack of personal jurisdiction is not a dismissal on the merits in the sense that if thereafter personal jurisdiction can be obtained over the defendant, suit is not barred (Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 875 (3d Cir. 1944)), it is surely not a "compromise or voluntary dismissal" contemplated by Rule 23(c).

In addition, plaintiffs instituted this action in direct disobedience of an order of Judge Blumenfeld which prohibited the "commencing or continuing any action at law or suit or proceeding in equity against said debtor or said trustee [Cohn] in any court. * * *" That plaintiffs' attorney recognized this fact is abundantly clear from the transcript of the hearing held on March 8, 1965 before Judge Blumenfeld wherein the subject of plaintiffs' counsel's contempt was discussed and conceded. Judge Blumenfeld stated that this action "is against an officer of this [the Connecticut] Court, one that ought not ever to have been brought, violates an injunction." Id. at 7. And, in fact, assurances were given that prompt application would be made to discontinue this action in view of the fact that it violated the aforesaid order.

Accordingly, for all the reasons hereinbefore set forth, the motion of defendant Cohn to dismiss the complaint for lack of personal jurisdiction is granted.

So ordered.