Paulette **PAPILSKY**, Plaintiff,

v.

Alvin H. **BERNDT** et al., Defendants.

No. 71 Civ. 2534.

United States District Court,
S. D. New York.

Nov. 17, 1971.

Mordecai Rosenfeld, Pomerantz, Levy, Haudek & Block, New York City, for plaintiff; Abraham L. Pomerantz, Mordecai Rosenfeld, Daniel W. Krasher, New York City, of counsel.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendants Lord, Abbett & Co., Alvin H. Berndt and Robert S. Driscoll; Judson A. Parsons, Jr., Gerald E. Ross, New York City, of counsel.

WYATT, District Judge.

This is a motion by three of the named defendants—Lord, Abbett & Co., Alvin H. Berndt and Robert S. Driscoll —for summary judgment in their favor. Fed.R.Civ.P. 56(c).

The action was commenced on June 7, 1971. Plaintiff brings the action as the owner of stock of defendant Affiliated Fund, Inc. (Fund), a Delaware corporation, and the action is a derivative one to enforce a right of Fund. Fed.R.Civ.P. 23.1

Fund is an open-end diversified investment company, said to be registered under the Investment Company Act of 1940 (15 U.S.C. § 80a–1 and following). Lord, Abbett & Co. (Lord) is a partnership. Berndt and Driscoll are partners of Lord and are officers and directors of Fund. Lord is employed by Fund as investment manager of Fund under an agreement.

The claim asserted in the case at bar is that Lord, in connection with transactions for Fund, uses "reciprocal brokerage, give-ups and interpositioning" and has received additional compensation by so doing. It is moreover charged that Lord, by its use of such techniques, has paid dealers which sell shares of Fund to the public and that Lord has been thus relieved of the necessity to compensate such dealers.

Fund, it is claimed, has been damaged because the use of reciprocal brokerage, give-ups and interpositioning has resulted in excessive compensation to Lord. Demand is made that Lord and the individual defendants pay $6,000,000 in damages to Fund.

On January 10, 1967, Vera G. White commenced an action in this Court (67 Civ. 98) against all the defendants in the case at bar and other defendants not named in the case at bar.

On March 28, 1968, Anne Bernstein commenced an action in this Court (68 Civ. 1252) against all the defendants in the case at bar and other defendants not named in the case at bar.

By order filed August 30, 1968, the White and Bernstein actions were consolidated. Plaintiffs thereafter served a "consolidated complaint" which was filed on September 26, 1968. The consolidated action will be referred to as the "White action".

Fund was a defendant in the White action but was the nominal defendant for whose benefit the action was brought. Fund was represented by separate counsel who represented only Fund in the White action.

It is undisputed that the claims in the White action are the same as those now asserted in the case at bar.

By order in the White action filed on January 14, 1969, plaintiffs were directed to answer certain interrogatories served by defendants. Plaintiffs White and Bernstein did not answer the interrogatories.

In the White action and on February 3, 1971, defendants Lord, Driscoll and Trevor obtained an order that "the *plaintiffs* show cause" (emphasis supplied) why the action should not be dismissed for failure to answer the interrogatories. The order to show cause was returnable on February 11, 1971, and it is assumed that a copy of the order was served on counsel for Fund.

In the White action, defendants Johnston, Knobloch, and James H. Potter by notice of motion brought on a motion to dismiss the action for the same reason, failure of plaintiffs to answer the interrogatories. The notice of motion was addressed, among others, to counsel for Fund.

The two motions—one made by order and one by notice—were heard by me on February 11, 1971. Fund took no position on these motions and submitted no papers.

The two motions were referred to Honorable Gregory J. Potter as Special Master. The report of the Special Master was dated March 4, 1971, and advised that the White action be dismissed for failure to answer the interrogato-

ries. The Special Master concluded that plaintiffs "are not serious in prosecuting this action".

The motions were then granted by me and the Clerk was directed to enter judgment dismissing the White action as to the moving defendants. Judgment, filed on March 22, 1971, was that the moving defendants "have judgment against plaintiff Anne Bernstein dismissing the complaint as to the said defendants only". By order filed March 31, 1971, the decretal paragraph of the judgment was amended "to include plaintiff Vera G. White".

It appears that outside of the moving defendants, the only defendant served in the White action was Fund, the nominal defendant for whose benefit the action was brought.

The White action remained pending against Fund, the nominal defendant, and no other defendants were served after the judgment of dismissal as to the moving defendants.

The White action was called by the Chief Judge on the Review Calendar on December 8, 1970 and plaintiffs were given until May 14, 1971 to file a note of issue for trial, etc. By order filed June 14, 1971, the Chief Judge dismissed the action "for lack of prosecution, without prejudice and without costs".

The question on the present motion in the case at bar is whether the judgment in the White action was an "adjudication on the merits" (Fed.R.Civ.P. 41(b) ) so as to bar the present claim. This question is not without difficulty. No decision on the precise point has been cited by counsel and none has been turned up by independent research.

The conclusion I reach is that dismissal of the White action was not an "adjudication on the merits" of the claim of Fund and that the present motion must be denied. On the other hand, granting the motion would end the litigation. The situation thus seems appropriate for review by the Court of Appeals under 28 U.S.C. § 1292(b).

Preliminarily it should be noted that in the White action there was no "notice of the proposed dismissal" to shareholders. Fed.R.Civ.P. 23.1. Probably this was because counsel then concerned believed that the cited Rule was not applicable; possibly it was due to inadvertence.

By its wording, Rule 23.1 requires notice of *any* dismissal. There are no exceptions.

Able counsel for movants argue that notice is required only for "voluntary" dismissals. There is language in at least one case which gives some support to this view. Some support is found in Hutchinson v. Fidelity Inv. Ass'n, 106 F.2d 431, 436 (4th Cir. 1939) but in that case the action was dismissed "after hearing on the merits" (106 F.2d at 436). A law review author has flatly stated that the notice requirement "applies only to voluntary, not to involuntary dismissals". Simeone, Procedural Problems of Class Suits, 60 Mich.L.Rev. 905, 934 (1962) Judge Tenney has held that notice is not required where dismissal is for lack of jurisdiction over the person. Marcus v. Textile Banking Corp., 38 F.R.D. 185 (S.D.N.Y.1965) In Daugherty v. Ball, 43 F.R.D. 329, 334–336 (C.D.Cal.1967) the question is discussed in respect of dismissals on the merits.

There are good reasons for not requiring notice when dismissal is on the merits. In such a case, there is a judicial determination that the real defendants are not liable. When, however, the dismissal is for some reason personal to plaintiff and there is no judicial exoneration of the real defendants, there is less reason for dispensing with notice. An example of such a situation is seen in Saylor v. Lindsley, 391 F.2d 965 (2d Cir. 1968) where plaintiff in an earlier action failed to post a required bond and there was dismissal of that action; it was not discussed whether notice should have been given.

I am inclined to believe that notice to shareholders was required in connection

with dismissal of the White action. For purposes of the present motion, however, it will be assumed that no notice was required.

■ Analysis of the nature of a derivative suit by a stockholder shows that dismissal of the White action does not bar the present action.

■ The derivative suit contains two claims: (1) a claim *by* the corporation in which plaintiff is a stockholder, and (2) a claim by the stockholder against his corporation for its failure to enforce the claim belonging to it ((1) above). Ballantine, Private Corporations, 612

This analysis was made by the Supreme Court last year in Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729, which dealt with the right to a jury trial in derivative actions. The Supreme Court said (396 U.S. at 534–535, 90 S.Ct. at 736):

> "As elaborated in the cases, one precondition for the suit was a valid claim on which the corporation could have sued; another was that the corporation itself had refused to proceed after suitable demand, unless excused by extraordinary conditions. Thus the dual nature of the stockholder's action: first, the plaintiff's right to sue on behalf of the corporation and, second, the merits of the corporation claim itself."

and again (396 U.S. at 538, 90 S.Ct. at 738):

> "We have noted that the derivative suit has dual aspects: first, the stockholder's right to sue on behalf of the corporation, historically an equitable matter; second, the claim of the corporation against directors or third parties on which, if the corporation had sued and the claim presented legal issues, the company could demand a jury trial."

The policy and purpose of Rule 41(b) is accomplished by giving effect to the dismissal of the White action as an "adjudication upon the merits" of the claim of the White plaintiffs against Fund, that is to say, their claim to sue on behalf of Fund. There is a reluctance, however, to treat that dismissal as adjudicating the second aspect of the claim in the White action, that is, the claim of Fund against the other defendants. That claim has never been heard on its merits (and of course no opinion is here implied that it has, or has not, any merit). Fund took no part in the motions to dismiss in the White action. That action was not dismissed as to Fund until Chief Judge Sugarman entered his order of dismissal and that order was "without prejudice".

A further policy consideration may be noted. There is not the slightest suggestion of any impropriety in the motions to dismiss and in the dismissal of the White action; the Court at the time was fully advised in the premises. Nevertheless, a rule which would permit such a dismissal to bar the claim of the corporation beneficiary would in some future time afford opportunities for collusion in procuring the dismissal of derivative actions. For a thoughtful discussion of a somewhat similar problem involving class actions, see Judge Decker's opinion in Yaffe v. Detroit Steel Corp., 50 F.R.D. 481 (N.D.Ill. 1970).

Careful attention has been paid to Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). The Supreme Court there discussed Rule 41(b) and emphasized that dismissals which are "adjudications upon the merits" under that Rule are primarily those involving "situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them" (365 U.S. at 286, 81 S.Ct. at 545). I am prepared to assume that such was the situation in the White action; the movants show an impressive amount of preparation by them in that action. The decision on the present motion is not that Rule 41(b) does not apply. On the contrary, Rule 41(b) does apply and its application bars the claim which belonged to the White plaintiffs. Rule 41(b), however, does not require

that the claim be barred which belonged to Fund.

For the reasons indicated, the motion is denied.

I am of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

So ordered.