**STEEL, INCORPORATED et al.,**
**Plaintiffs,**

v.

**The ATCHISON, TOPEKA AND SANTA**
**FE RAILWAY COMPANY et al.,**
**Defendants.**
**No. KC–2457.**

United States District Court
D. Kansas.

Jan. 19, 1967.

Paul H. Jenree, Kansas City, Kan., and James F. Miller, Shawnee Mission, Kan., for plaintiffs.

O. B. Eidson (of Lillard, Edison, Lewis & Porter), Topeka, Kan., Albert W. Laisy, Baltimore, Md., J. Edgar McDonald, New York City, and Warren D. Mulloy, Philadelphia, Pa., for defendants.

## OPINION

ARTHUR J. STANLEY, Jr., Chief Judge.

This action, brought by forty plaintiffs against numerous defendants, is one to enforce an order of the Interstate Commerce Commission (323 I.C.C. 509) requiring the defendants to make reparation to plaintiffs for excessive freight charges on a number of shipments of steel products. Jurisdiction is conferred upon this court by the provisions of 49 U.S.C.A. § 16(2). The case is now before the court upon motion of the defendants to require a representative of each plaintiff to be present at trial for purposes of giving testimony, under penalty of dismissal with prejudice as to any plaintiff failing to appear.

The plaintiffs are shippers of steel products, and the defendants are railroad carriers. A practitioner filed on behalf of plaintiffs a formal complaint with the ICC, alleging that defendants had imposed excessive freight charges upon interstate shipments made by plaintiffs. After a full hearing before the Commission, an order was entered in favor of the plaintiffs, requiring reparation of all excessive charges. The defendants did not comply with this order, and the plaintiff now seek to enforce it here. An action based upon failure to comply with an order of the Commission, which this is, is not one brought to enforce the award proper, but is rather a civil action for damages. Lewis-Simas-Jones Co. v. Southern Pac. Rwy. Co., 283 U.S. 654, 51 S.Ct. 592, 75 L.Ed. 1333 (1931).

Suit was filed in this district in accord with the provisions of 49 U.S.C.A. § 16(2). The pertinent language of that section provides that the plaintiff may file his action

" * * * in the district court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the road of the carrier runs * * * ."

The plaintiffs have chosen this district. It appears that, of the forty plaintiffs, none are residents of this district, and only two reside within 100 miles of this court. The defendants seek to require the personal appearance at trial of a representative of each of the several plaintiffs, so that they may be examined as to certain matters which defendants consider material to their defense.

In support of their motion, defendants cite considerable authority for the proposition that, in the ordinary case, the defendant is entitled to depose the plaintiff in the forum wherein the plaintiff has elected to sue. Absent some special circumstances which would cause extreme hardship to the plaintiff, this is the price exacted in return for the right to select one's forum. Seuthe v. Renwal Products, Inc., 38 F.R.D. 323 (S.D.N.Y.1965); General Houses, Inc. v. Marloch Manufacturing Corp., 239 F.2d 510 (2d Cir.

1956); Perry v. Edwards, 16 F.R.D. 131 (W.D.Mo.1954)

 The provisions of F.R.Civ.P. 43(b), insofar as pertinent here, state that:

"A party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party * * *."

However, contrary to defendants' contention, it does not follow that, because a party is entitled to call some other party as a witness, he is therefore entitled in all cases to require his presence at trial. The provisions of Rule 43(b) are, by the terms of the rule, related to the scope of examination and cross-examination of witnesses; they are designed to afford the examining party certain rights with respect to the *manner* in which an adverse party may be examined. There is nothing in that rule which would imply a right of the examining party to require the presence at trial of one not otherwise amenable to the subpoena provisions of F.R.Civ.P. 45:

"* * * A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena; * *." F.R.Civ.P. 45(e) (1).

By the general rule, a party plaintiff may be deposed in the district wherein he has chosen to bring his action. But with respect to his attendance at trial, his status is that of any other witness. If he resides outside the district and more than 100 miles from the place of trial, his attendance cannot be required. If he chooses not to be present, running the risk of failure to meet his burden of proof, that is his right. This court can find no authority for the proposition urged by the defendants.

This does not, of course, leave the defendants without remedy. They may depose the plaintiffs in this district if they desire to do so, since this is where the plaintiffs have elected to bring their action. But this is a very different matter from requiring the presence of plaintiffs at trial, under penalty of dismissal.

The motion is denied.