**McDONALD'S SYSTEMS, INC., Plaintiff,**

v.

**Gerald A. MASON, et al., Defendants.**

**No. 75 C 3497.**

United States District Court,
N.D. Illinois, E.D.

Dec. 6, 1982.

---

Alan H. Silberman, Ralph Scott Rayle, Ralph I. Hubley III, Lawrence R. Samuels, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for plaintiff.

Lee N. Abrams, Alan N. Saltpeter, Mayer, Brown & Platt, Eugene W. Beeler, Jr., Chicago, Ill., Lawrence Block, John J. Voortman, Walter C. Greenough, Schiff, Hardin & Waite, Chicago, Ill., Eugene J. Kelley, Jr., Arnstein, Gluck, Weitzenfeld & Minow, Chicago, Ill., for defendants.

1. The case was transferred to this Court in July, 1981, following Judge Crowley's resigna-

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This case was originally heard and decided by Judge John Crowley.[1] As a part of his July 28, 1978, order, assets of a company ("Hadmanco") once owned by Richard Mazur ("Mazur"), Leon Hadley ("Hadley"), Robert Warren ("Warren") and Gerald Mason ("Mason") were divided. As a result of that division, approximately two million dollars was paid to Mazur. Judge Crowley's order also provided, in part, that Mazur would be liable for his pro-rata share of any taxes subsequently assessed against Hadmanco for the years during which Mazur was a partner. In addition, Mazur was to pay a proportion of the legal fees and other expenses incurred defending Hadmanco's tax claims for that period. The case is presently before this Court as a result of the efforts of Hadley and Warren to collect the first of the ordered payments from Mazur. In response to a motion made on October 15, 1981, by Hadley and Warren to compel certain payments by Mazur, this Court levied requested civil penalties against Mazur in the amount of $5,000. Mazur has filed a motion for relief from these penalties, and Hadley and Warren have filed a motion to show cause why Mazur should not be held in contempt. Both of these motions were assigned to Magistrate Sussman for hearing, who recommended that the penalties be voided and Mazur not be found in contempt. For the reasons stated below, we will vacate the civil penalties as recommended, but we reject the magistrate's second recommendation and find Mazur to be in civil contempt.

### Facts

The events which led to the assessment of $5,000 in civil penalties against Mazur are set forth as follows. On April 28, 1981, Mazur was asked to pay approximately $97,000, which under the terms of the July 28, 1978, final order was his pro-rata share of taxes and expenses levied by the Tax Court against Hadmanco for the years

tion from the bench.

1971–73. Mazur did not respond. Hadley and Warren filed a motion to compel. After a conference between the parties during which Hadley and Warren waived $5,000 of the amount due in return for prompt payment, an agreed order was entered directing Mazur to pay $92,368.51 by June 18, 1981. Mazur did not pay. Hadley and Warren filed a motion to compel and for sanctions of $8,000. Judge Crowley accordingly increased the amount due by Mazur to $100,310.06 in an order dated June 24, 1981. Mazur submitted checks for only $92,368.51. Judge Crowley vacated the June 24 order but entered an agreed order that Mazur pay an additional $3,000 in attorneys' fees. Mazur submitted a check that was returned for insufficient funds. Hadley and Warren filed a motion to compel and for civil penalties ($5,000) and legal fees ($625). Mazur paid $3,000. Hadley and Warren renewed their request for the $625 in legal fees plus an additional $250 in new fees. This Court refused to assess civil penalties but did order Mazur to pay $875 in attorneys' fees. Mazur did not respond. Hadley and Warren filed a motion to compel and for civil penalties ($5,000). Mazur did not respond. On October 16, 1981, this Court assessed the $5,000 civil penalties, and on November 3, 1981, ordered that Mazur pay the $875 and the $5,000 by November 16, 1981. Mazur did not respond.

On January 5, 1982, Hadley and Warren filed a motion to show cause why Mazur should not be held in contempt, which was referred to Magistrate Sussman for hearing. Mazur then tendered $875 to Hadley and Warren. They refused, seeking instead a payment which would include the $5,000 civil penalties as well as $1,200 of new legal fees and the $875 already assessed. Mazur followed his appearance at the hearing with a motion for relief from the civil penalties. This was also referred to Magistrate Sussman and argued by both parties before him. Magistrate Sussman's report to the Court on June 7, 1982, recommended that we vacate the order for civil penalties of $5,000 and also that we not find Mazur in civil

contempt.[2] Although we vacate the civil penalty, we find that the chronology as recited above, as well as all the facts presented in the pleadings, compel the conclusion that Mazur's behavior has been contumacious.

### Findings and Conclusions

A federal court has the power, under 18 U.S.C. § 401, to "punish by fine ... such contempt of its authority ... as ... disobedience or resistance to its lawful writ, process, order, rule, decree, or command." In the instant case, we vacate our order of October 16, 1981, assessing civil penalties and instead exercise the power granted this Court by § 401.

Findings of contempt are of two sorts: either a finding of "criminal" contempt or one of "civil" contempt. The distinction between the two lies not in the character of the action which is contumacious, but in the character of the penalty assessed. *United States v. Powers*, 629 F.2d 619, 626–27 (9th Cir.1980). This is because any act of contempt contains behavior which offends the rights of other parties (civil contempt) as well as behavior which offends the authority of the court (criminal contempt). *Shakman v. Democratic Organization of Cook Co.*, 533 F.2d 344, 348 (7th Cir.), *cert. denied*, 429 U.S. 858, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976), citing *Gompers v. Bucks Stove and Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911). Therefore, the focus shifts to the penalty as a means of characterizing the contempt. If the thrust of penalty assessed is primarily to recompense the other party and/or to coerce compliance, it is civil contempt; if the penalty seeks primarily to vindicate the power and authority of the Court, then it is criminal contempt. *Shakman, supra* at 349; *Commodity Futures Trading Commission v. Premex, Inc.*, 655 F.2d 779, 784 (7th Cir.1981).

There are also certain procedural characteristics which distinguish the two types of contempt. Civil actions continue as part of the suit before the Court, and

2. Hadley and Warren filed exceptions to the report seeking reaffirmation of the penalties.

there are no separate statutory proceedings. 3 Wright & Miller § 705 (1982); 11 Wright & Miller § 2960 (1973). Due process requirements in criminal contempt cases are specifically addressed by Federal Rule of Criminal Procedure 42(b).[3] Charges in a civil contempt hearing must be proved by clear and convincing evidence; the standard in criminal contempt is "beyond a reasonable doubt." *In re Irving,* 600 F.2d 1027, 1037 (2d Cir.1979), *cert. denied,* 444 U.S. 866, 100 S.Ct. 137, 62 L.Ed.2d 89 (1979).

■ In the instant case, the nature of the contempt charge is civil. The motion was brought by another party and was part of the same suit. It was heard by Magistrate Sussman in the manner of a civil hearing. Full due process rights were afforded Mazur. He had notice of the hearing, an opportunity through the pleadings to know the charges against him and an opportunity to participate fully in the hearing.

■ Mazur's defense for ignoring the orders of this and the previous Court to tender payments to Hadley and Warren is that neither he nor his counsel received notice of the orders to pay. Disobedience of court orders in cases of civil contempt must be "knowing," but does not need to be wilful. *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47, 52 (2d Cir.1976), *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). *See also* 3 Wright & Miller 2d § 705 (1982). Mazur argues that since he did not receive notices of the orders to pay, his disobedience was not contumacious. The magistrate urges that the possibility of human error in the delivery of five key documents over a period of four months should foreclose a finding of knowing contempt. Upon review of the facts in the pleadings, however, we disagree with the magistrate's conclusion.

Mazur offers affidavits from his counsel and the secretary-receptionist responsible for incoming mail at the counsel's law firm. The affiants state that Mazur's counsel never received the September 21, 1981, order

for payment of $875, the October 15, 1981, motion for civil penalties, the October 16, 1981, order to pay civil penalties and attorneys' fees, the January 5, 1982, motion to show cause or the following draft order to show cause.

These assertions are untenable in the face of the contrary evidence. A certificate of service is attached to each notice. Mazur perhaps may be entitled to the benefit of doubt as to receipt of one notice—but certainly not four. The official docket sheets show the date of filing of each motion and order along with the date of the mailing by the clerk of notices of each. Hadley and Warren allege that the messenger book of their counsel contains entries indicating delivery of all motions and drafts in question.

■ It must also be noted that Mazur filed a reply brief on August 24 to the motion that was resolved by the September 21 order. Thus, he was aware the matter was pending and responsible for monitoring its progress. As to the order of October 16, Mazur's attorney does not deny receiving an October 7, 1981, letter from Hadley and Warren's counsel seeking payment of the $875 assessed by the September 21 order. Thus Mazur had notice that the amount was due and that refusal to pay might lead to further court action. Furthermore, Mazur's attorney does not deny receipt of the November 3 order which amended and restated the order of October 16 assessing the penalty of $5,000.

For the foregoing reasons, we conclude that there is clear and convincing evidence that Mazur knowingly disobeyed the orders of the Court to make payments to Hadley and Warren and, accordingly, is in civil contempt. Mazur is hereby ordered to recompense Hadley and Warren for attorneys' fees expended in attempting to collect the payments ordered on September 21, October 16 and November 3 in the amount of $1,200, and to pay the previously ordered $875 in attorneys' fees if it has not been

---

**3.** Some authorities feel these same requirements should extend to civil contempt. *See United States v. Powers,* 629 F.2d 619 (9th Cir.1980); *United States v. Hawkins,* 501 F.2d 1029, 1031 (9th Cir.), *cert. denied,* 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974).

paid by the date of this order.[4] Mazur is to make all payments by certified check on or before December 31, 1982.[5] It is so ordered.

---

4. Magistrate Sussman's Report indicates that payment of the $875 was accepted by Hadley and Warren in his presence, but the Court has no confirmation of this from the parties.

5. The Court anticipates that it will not be required to consider issuance of coercive orders to ensure compliance with this order. We also decline at this time to refer this matter to the United States Attorney for initiation of criminal contempt proceedings.