In the Matter of GRAND JURY
SUBPOENA DUCES TECUM.

Appeal of ANONYMOUS CORP.

No. 83–2385.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 30, 1983.

Decided Jan. 16, 1984.

Clinton A. Krislov, Daniel J. Fumagalli, Krislov & Krislov, Chicago, Ill., for appellant.

Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for appellee.

Before ESCHBACH, POSNER and COFFEY, Circuit Judges.

PER CURIAM.

We have before us a motion by the United States to dismiss an appeal brought by "Anonymous," a corporation, from the denial by the district court of its motion to quash a grand jury subpoena that had been served upon it. The ground for the dismissal is that the denial of a motion to quash a subpoena is not appealable; to get an immediate appeal the movant must refuse to obey the subpoena and be held in contempt. This is indeed the general rule. See *Cobbledick v. United States*, 309 U.S. 323, 328, 60 S.Ct. 540, 542, 84 L.Ed. 783 (1940); *In re Grand Jury Proceedings*, 722 F.2d 303 at 305–306 (6th Cir.1983). What makes this case special is the ground of the appeal: that there is no grand jury investigation of "Anonymous," that the U.S. Attorney issued the subpoena on his own initiative, anticipating that if the return to the subpoena implicated "Anonymous" in federal wrongdoing he would ask a grand jury to investigate it. "Anonymous" argues that he has no power to do this.

*Go-Bart Importing Co. v. United States*, 282 U.S. 344, 356, 51 S.Ct. 153, 157, 75 L.Ed. 374 (1931), held that an order by a district judge refusing to suppress as evidence, and return to the movant, the materials that the government had seized was a final, appealable order with respect to a company described as "a stranger to the [criminal] proceeding before the [United States] commissioner." An even stronger case for appealability is presented if there is no pending proceeding at all. One of the reasons for not allowing an immediate appeal from the denial of a motion to quash by a witness before a grand jury is the undesirability of

interrupting the grand jury proceeding, and that reason is not present when there is no grand jury proceeding. Moreover, with no pending proceeding the only matter before the district court is the motion to quash, and the denial of the motion, and concomitant order to comply with the subpoena, is therefore the last act in the litigation before that court. Of course if the movant defies the judge's order there may be contempt proceedings, but that is also true when an uncontroversially final judgment is entered.

A difficulty is presented when (as in this case) there is a dispute over whether there is a grand jury investigation in progress. Although the government says there is one and the district judge undoubtedly assumed there was in denying the motion to quash, some of the remarks made by government counsel at the hearing before the judge, and in her motion papers in this court, imply that there is no investigation— that the U.S. Attorney's office wants to examine the return to the subpoena before deciding whether to ask a grand jury to investigate "Anonymous." In other areas where facts essential to our jurisdiction are in dispute the usual course is to remand to the district court for the limited purpose of making findings on the disputed facts, see, e.g., *Sutter v. Groen*, 687 F.2d 197, 199 (7th Cir.1982), and we see no reason not to follow that course here. Although as we have said the district judge probably assumed that there was a grand jury investigation in progress when he denied the motion to quash, he did not say so and there is some doubt whether there actually was.

We therefore remand this case to the district judge for the limited purpose of making findings on whether there was a grand jury investigation when he entered the order that has been appealed from. We ask him to make and certify these findings to us within thirty days from today.

So Ordered.