Jeanette L. THOMPSON,
Plaintiff-Appellant,

v.

Max CLELAND, Defendant-Appellee.

No. 85–1147.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 29, 1985.

Decided Jan. 28, 1986.

George Galland, Davis, Miner, Barnhill & Galland, Chicago, Ill., for plaintiff-appellant.

Martin B. Lowery, Asst. U.S. Atty., Anton Valukas, U.S. Atty., Chicago, Ill., for defendant-appellee.

Before COFFEY, EASTERBROOK, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Jeanette Thompson appeals the district court's decision to dismiss her motion for a rule to show cause why the defendant should not be held in contempt of court. During a hearing on the motion in the district court, the defendant submitted the plaintiff's initial settlement proposal and his response. Displeased with the course of the proceedings, the court denied the pending motion. We reverse that judgment of the district court and remand the case for further proceedings consistent with this opinion.

Since 1970, Ms. Thompson has litigated charges of discrimination and retaliation against the Veterans Administration (VA) before various courts and agencies. In 1979, Ms. Thompson was successful in a Title VII class action suit against the VA. The suit resulted in dozens of promotions, a restructuring of VA promotion practices and approximately $500,000 in back pay to class members. As part of the final order

in the Title VII case, the district court prohibited retaliation against anyone who initiated, participated or benefited from the law suit. The court warned that findings of retaliation would be grounds for additional relief and for contempt proceedings against the responsible official.

On October 6, 1980, the VA fired Ms. Thompson. She appealed the discharge to the Merit System Protection Board (MSPB). After extensive review of the evidence, the MSPB concluded that all ten alleged bases for the discharge were unfounded and that the VA had undertaken to harass and to fire Ms. Thompson in retaliation for her role in the class action lawsuit. Pursuant to the MSPB decision, Ms. Thompson was reinstated in a position

outside the control of her former section chief.

Ms. Thompson returned to the district court and filed a motion for a rule to show cause why the VA should not be held in contempt for violating the court's earlier order prohibiting retaliation. Following an initial hearing, the parties undertook settlement negotiations. Ms. Thompson submitted an initial proposal.[1] The VA responded by accepting some of the plaintiff's demands and indicating that the others would require a court order before the VA could comply.[2] The parties returned to court where the defendant presented the plaintiff's initial proposal and his response. The judge immediately expressed his displeasure with both parties and *sua sponte* dismissed the contempt proceedings.[3]

---

1. In her initial settlement offer, Ms. Thompson proposed the following relief to the Veterans Administration:
   1) *Jeanette Thompson*
      a. Expunge all negative evaluations and statements from her file.
      b. Promote to GS–11 and to the position of Rating Board Specialist, which we believe is the most appropriate position.
      c. Pay damages in the sum of $30,000.
      d. Formally apologize to Miss Thompson.
      e. Never reassign Miss Thompson to the supervision of any of the named defendants in the pending lawsuit.
   2) *John Hand*
      a. Expunge all negative evaluations and statements from the present office from his file.
      b. Formally apologize to Mr. Hand.
   3) *Messrs. Koslowski and Zawacki*
      a. Place a formal reprimand in their personnel files which explains the nature of their misconduct as found by the Merit Protection Board.
   4) *Mr. Ramsey*
      a. Place a formal reprimand in his personnel file.
      b. Remove from his position as Director of the Chicago Office.
      c. Promote John Hand to the position of Director of the Chicago Office.
   Appellee's Br. A–48–49.

2. The VA replied to Ms. Thompson's proposal by agreeing to: expunge the negative evaluations from her personnel file; consider her for promotion when a vacancy occurs at the GS–11 level; deliver a letter of apology to Ms. Thompson; remove her from the direct supervision of Mr. Zawacki or Mr. Haas; request that disciplinary action be taken against Messrs. Koslowski, Zawacki, Ramsey; and remove Mr. Ramsey

from his position. The VA also responded by indicating that Mr. Hand was not a party to this case and that he was not eligible for promotion at this time. Appellee's Br. A–88–90.

3. After the defendant presented the plaintiff's proposal and its response, the judge responded:

   Well, I regard the plaintiff's demands as excessive and far beyond anything I have in mind. I certainly did not have in mind the restructuring of the local office of the Veterans Administration and the promotion of people to positions which they may or may not merit promotion to. But it seems to me that that is what the plaintiff has turned this contempt matter into a vehicle for.

   In addition, I did not have in mind that the plaintiff in addition to being made totally whole would get $30,000 in damages. I do not know where these ideas came from, but they certainly did not emanate from this Court.

   I am disappointed with both sides. I am disappointed with the Veterans Administration for possibly, and I say possibly because I hav not heard the evidence, defying the order of the Court and taking retliatory action against a successful plaintiff in this case.

   I did not, however, intend that anything like what has occurred here would take place.

   Now, apparently, the only one who is really concerned with vindication of the authority of the Court in this instance is the Court itself. Plaintiff regards this as a bonanza. Defendant may or may not regard it as a nuisance. In any case, I am thoroughly disgusted with the case and with the parties, and I have enough to do in cases which do not disgust me to continue on with this. I am going to wash my hands of it.

The plaintiff filed a timely motion to reconsider. More than three years later, the district judge denied the motion. He cited the broad authority of the court over criminal contempt proceedings and the plaintiff's excessive settlement proposal as the bases for his decision. Ms. Thompson appeals that dismissal.[4]

We are presented with a rather narrow—and unusual—question: whether the district court erred in dismissing this contempt proceeding because it believed that the plaintiff's initial settlement proposal asked for more relief than she was entitled to receive.

At the outset, we note that the parties are apparently not in agreement as to whether this is a criminal or a civil contempt proceeding. At one point in the proceedings, the district court seemed to characterize this case as a criminal contempt proceeding. Ms. Thompson maintains that she sought to pursue her rights in a civil contempt proceeding. The label of civil or criminal contempt reflects the nature of the relief sought and the purpose for that relief. *Shakman v. Democratic Organization*, 533 F.2d 344, 348–49 (7th Cir.), *cert. denied*, 429 U.S. 858, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976). The type of proceeding also determines the degree of discretion which the district court may properly exercise over the course of the proceedings.

The purpose of criminal contempt proceedings is to vindicate the authority of the court. *United States v. United Mine Workers*, 330 U.S. 258, 302, 67 S.Ct. 677, 700, 91 L.Ed. 884 (1947). Since it is the court's authority which is at stake in a criminal contempt case, "great reliance must be placed upon the discretion of the trial judge." *Id.* at 303, 67 S.Ct. at 701. On the other hand, "[j]udicial sanctions in

civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Id.* at 303–04, 67 S.Ct. at 701. Since the rights of the complainant, not the authority of the court, are at stake in a civil contempt proceeding, the discretion of the court over the course of the proceeding is more limited.

■ The same facts may give rise to both criminal and civil contempt and it is often difficult to characterize a particular proceeding as one or the other. *Id.* at 299, 67 S.Ct. at 698. However, we believe that this case is more properly considered a civil contempt proceeding. The relief requested by Ms. Thompson and the district court's treatment of the case establish that Ms. Thompson was seeking future compliance with, and compensation for, past violation of the court order. In her initial motion for a rule to show cause, Ms. Thompson prayed for the following forms of relief: (1) rescind the firing of Ms. Thompson; (2) reassign Ms. Thompson to a supervisor mutually acceptable to her and to the VA; (3) take appropriate disciplinary action against Messrs. Ramsey, Haas and Zawacki; (4) enjoin future acts of harassment against Ms. Thompson; (5) level civil fines in an appropriate amount against the individual contemnors; (6) award Ms. Thompson the cost of this proceeding, including attorney's fees; and (7) take such other action as the court deems necessary to enforce its decree. Appellant's App. at 13. The district court noted that Ms. Thompson's motion was at least partially civil in nature. Appellant's App. at 2. Moreover, the case proceeded as a civil case would proceed. Ms. Thompson, not the government, contin-

Now, I do not know what is pending before me, but whatever it is, it is no longer pending. What is pending?
Appellant's App. at 79–80.

**4.** The district court had jurisdiction to consider the motion for contempt under the continuing jurisdiction provision of the final order in the Title VII class action suit. Appellant's App. at 216. The district court's order denying the

plaintiff's motion for a rule to show cause why the defendant should not be held in contempt is a final and appealable order. *Lamb v. Cramer*, 285 U.S. 217, 221, 52 S.Ct. 315, 316, 76 L.Ed. 715 (1932). *See also Penfield Co. v. S.E.C.*, 330 U.S. 585, 591, 67 S.Ct. 918, 921, 91 L.Ed. 1117 (1947); 9 J. Moore, B. Ward, Moore's Federal Practice § 110.13[4] at 168 (2d ed. 1985).

ued to litigate the case and the parties undertook settlement negotiations. The court recognized that Ms. Thompson was concerned with vindicating her own rights not the authority of the court. Appellant's App. at 80. Clearly, Ms. Thompson was pursuing her right to seek civil contempt.

Civil contempt proceedings are very similar to other civil proceedings. Several courts have recognized that relief in a civil contempt proceeding is similar to the judgment granted in a tort action. Much like a tort action, the complainant must prove that the defendant's actions in violation of the court order caused her injury. *Vuitton v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir.1979); *Parker v. United States*, 153 F.2d 66, 70 (1st Cir.1946). If Ms. Thompson was able to establish that the defendant violated the court's order, the court would have broad discretion in fashioning an equitable remedy to ensure future compliance but the award of compensatory damages for past violations would not be subject to the discretion of the court. *Vuitton*, 592 F.2d at 130; *Parker*, 153 F.2d at 70. Through her motion for a rule to show cause why the defendant should not be held in contempt, Ms. Thompson used a legally recognized means in an attempt to receive compensation and ensure future compliance.[5] Although Ms. Thompson had already received some of the relief she requested in her motion, the district court noted that if she could establish contempt, she might be entitled to some additional relief. Appellant's App. at 5.

■ The district court refused to give further consideration to Ms. Thompson's motion because in its opinion, her initial settlement proposal was far beyond anything the court could or would grant. We believe that this refusal was error. While it was quite proper for the court to encourage settlement negotiations and to postpone judicial action until such settlement negotiations had a chance to bear fruit, it was not proper for the court to decline to examine the merits of the issues left unresolved by these negotiations. The district court may not dismiss a case simply because it perceives an initial settlement request to be excessive. The defendant may simply refuse the plaintiff's demands and proceed to trial. Ms. Thompson had a right to a judicial assessment as to whether the defendant was in contempt of the court's previous order and, if so, whether any additional relief—compensatory or prospective—was required to ensure compliance with the court's order.

■ This record does not establish that the plaintiff abused the judicial process, either by her initial invocation of the contempt process or in her conduct of the settlement negotiations. There was certainly a disagreement over the merits of Ms. Thompson's request. However, such disputes are a normal component of litigation and it was the duty of the district court to resolve the matter.

We express no opinion on the merit of Ms. Thompson's motion for a rule to show cause why the defendant should not be held in contempt. Nor do we express an opinion on the type of relief which might be appropriate if Ms. Thompson were successful in her civil contempt proceeding, or the propriety of the demands made in the initial settlement proposal. We hold only that the district court lacked the authority, at this stage in the proceeding, to dismiss Ms. Thompson's motion on the grounds that her settlement proposal requested relief beyond that which the court thought appropriate. Circuit Rule 18 will apply.

REVERSED AND REMANDED.

---

5. Some courts have held that "[i]f complainant makes a showing that respondent has disobeyed a decree in complainant's favor and that damages have resulted to complainant thereby, complainant is entitled as of right to an order in civil contempt imposing a compensatory fine."

*Parker v. United States*, 153 F.2d 66, 70 (1st Cir.1946); *Waterman Co. v. Standard Drug Co.*, 202 Fed. 167, 172 (6th Cir.1913); *Enoch Morgan's Co. v. Gibson*, 122 Fed. 420, 423 (8th Cir. 1903).