**Michael HECHT, Plaintiff,**

v.

**DON MOWRY FLEXO PARTS, INC., Defendant.**

**No. 84 C 400.**

United States District Court, N.D. Illinois, E.D.

May 23, 1986.

---

**8**

Merrill B. Meyer, Rappaport & Meyer, Chicago, Ill., for plaintiff.

James M. DeZelar, Robbins, Rubinstein, Salomon & Greenblatt, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

By agreement of the parties, this case was tried by a magistrate, who entered judgment in plaintiff's favor (though not for the full amount requested) on January 13, 1986. That same day the magistrate entered another order recommending defendant be found in contempt under Fed.R. Civ.P. 45(f) for failure to comply with a trial subpoena duces tecum. Since magistrates have no power to punish for contempt (see 28 U.S.C. § 636(e); *Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037, 1044 (7th Cir.1984)) the contempt recommendation was assigned by lot to this court and a rule to show cause was issued.

In recommending defendant be found in contempt and fined a "substantial sum," the magistrate certified the following facts:

1. Defendant Mowry was served with a subpoena duces tecum on January 31, 1985, commanding him to bring documents for the trial on March 5, 1985.

2. On February 28, 1985, Magistrate Jurco denied defendant's motion to quash the subpoena and ordered plaintiff to

bear defendant's costs in finding the records and bringing them to Chicago.

3. On March 4, 1985, the March 5 trial date was stricken and the subpoena was continued generally.

4. The case was reassigned to Magistrate Balog on April 30, 1985. On July 17, 1985, trial was set for November 19, 1985.

5. The trial began on November 19, 1985. Defendant was asked if he brought the documents asked for in the subpoena. Defendant replied that he had not.

6. The trial was recessed on November 22, 1985, until December 2, 1985. When the trial resumed, defendant again was asked if he brought the documents and he had not.

7. On December 3, 1985, the trial concluded.

Both sides have filed briefs with this court on the issue of contempt but neither side challenges the magistrate's certified facts and at the status hearing held March 24, 1986, both sides agreed the issue should be decided on the papers submitted without any hearing.

I. Criminal vs. Civil Contempt

█ Contempt is of two types: criminal and civil.[1] Neither the parties nor the magistrate have stated which kind is being sought and recommended. Though the same act can constitute either kind of contempt, the label is important because it determines the procedures that must be followed, the amount of discretion the court can exercise and the type of relief available. See *Thompson v. Cleland*, 782 F.2d 719, 721 (7th Cir.1986); *In re Kave*, 760 F.2d 343, 351 (1st Cir.1985). The kind of contempt involved should be determined as early as possible so proper procedures can be followed. *United States v. Powers*, 629 F.2d 619, 626 (9th Cir.1980); *Richmond*

*Black Police Officers Ass'n v. City of Richmond*, 548 F.2d 123, 126 (4th Cir. 1977).

Which label applies depends on "the nature of the relief sought and the purpose for that relief." *Thompson*, supra. "The purpose of criminal contempt proceedings is to vindicate the authority of the court." Id.; see also *In re Kave*, supra. "On the other hand, '[j]udicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.'" *Thompson*, supra, 782 F.2d at 721 (quoting *United States v. United Mine Workers*, 330 U.S. 258, 303–04, 67 S.Ct. 677, 91 L.Ed. 884 (1947)).

█ Plaintiff's purpose in pursuing this proceeding is not clear. He characterizes the relief he seeks as "punitive damages" (see December 13, 1985 motion at 5), but he wants any fine paid to him, which is where a civil contempt penalty would go, rather than to the Clerk of Court, the repository of criminal contempt fines. *In re Kave*, supra, 760 F.2d at 352; *Nasco, Inc. v. Calcasieu Television & Radio, Inc.*, 583 F.Supp. 115, 121 (W.D.La.1984). On the other hand, a compensatory fine for civil contempt requires proof of actual damages, *Burke v. Guiney*, 700 F.2d 767, 770 (1st Cir.1983); *Federal Election Comm'n v. Gus Savage For Congress '82 Committee*, 606 F.Supp. 541, 547–48 (N.D.Ill.1985), but plaintiff has never put in the record any evidence that defendant's non-compliance caused him harm; indeed, he does not challenge defendant's contention that he suffered *no* harm.

The magistrate's recommendation suggests he had criminal contempt in mind. Of the three possible purposes of contempt —coercion, compensation and vindication—

---

1. Criminal contempt is further divided into two categories, direct and indirect, but that distinction need not be explored here. See generally *United States v. Stratton*, 779 F.2d 820, 835–36 (2d Cir.1985); *Matter of Jafree*, 741 F.2d 133, 135–36 (7th Cir.1984); *United States v. Lowery*, 733 F.2d 441, 446–48 (7th Cir.), cert. denied, 469 U.S. 932, 105 S.Ct. 327, 83 L.Ed.2d 264 (1984). The acts here could only be indirect criminal contempt and that is what the following discussion assumes.

coercion was pointless since the case was over. As between compensation and vindication the latter most likely motivated the magistrate: he recommends a "fine" rather than compensation, and not only made no findings regarding any harm suffered by plaintiff but specifically stated in his January 13 opinion that whether plaintiff was harmed is irrelevant because "where there is unjustifiable disobedience of a court order, the disobedient party will be assessed sanctions regardless of the effect of its failure to comply" (opinion at 3).

▇▇▇▇ Despite the magistrate's apparent intent, the present posture of this case precludes a finding of criminal contempt. This proceeding was brought by one of the parties as part of the underlying suit, which is proper for civil contempt but not criminal contempt, which must be initiated by the court as a separate action and prosecuted by the U.S. Attorney or another disinterested attorney. See *Thompson,* supra, 782 F.2d at 721–22; *Polo Fashions, Inc. v. Stock Buyers International, Inc.,* 760 F.2d 698 (6th Cir.1985); *In re Timmons,* 607 F.2d 120, 124 (5th Cir.1979); *McDonald's Systems, Inc. v. Mason,* 552 F.Supp. 707, 709–710 (N.D.Ill.1982). Criminal contempt proceedings also invoke "a plethora of procedural protections", *Combs v. Ryan's Coal Co.,* 785 F.2d 970, 981 (11th Cir.1986), and it is not likely the procedures up to this point have provided those protections. See Fed.R.Crim.P. 42(b);[2] *In re Kave,* supra, 760 F.2d at 351; *Pabst Brewing v. Brewery Workers Local Union No. 77,* 555 F.2d 146, 150–51 (7th Cir.1977);

*Richmond,* supra, 548 F.2d at 126–27. The magistrate recommends a "substantial" fine, but without a jury trial a fine for criminal contempt is limited to one that could not be considered "serious".[3] Finally, while clear and convincing evidence is enough to establish civil contempt (see *In re Jacques,* 761 F.2d 302, 306 (6th Cir. 1985), cert. denied, ▬ U.S. ▬, 106 S.Ct. 1259, 89 L.Ed.2d 570 (1986); *United States v. Huebner,* 752 F.2d 1235, 1241 (7th Cir.), cert. denied, ▬ U.S. ▬, 106 S.Ct. 62, 88 L.Ed.2d 50 (1985); *McDonald's Systems, Inc.,* supra, 552 F.Supp. at 709–10), the elements of criminal contempt must be proved beyond a reasonable doubt, and one of those elements is that the violation was willful as opposed to inadvertent or negligent. *Clemente v. United States,* 766 F.2d 1358, 1367 (9th Cir.1985), cert. denied, ▬ U.S. ▬, 106 S.Ct. 881, 88 L.Ed.2d 917 (1986); *Vaughn v. City of Flint,* 752 F.2d 1160, 1169 (6th Cir.1985); *United States v. Seale,* 461 F.2d 345, 367–69 (7th Cir.1972). The record does not show that the magistrate found the facts beyond a reasonable doubt (though they hardly admit of dispute). More important, a finding of willfulness requires a "deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order." *United States v. Armstrong,* 781 F.2d 700, 706 (9th Cir.1986). Such a finding is not possible on the facts certified by the magistrate, and if this court were to follow the parties' request to decide this without a hearing the magistrate's certified facts are, on the theory of judicial notice

---

**2.** Fed.R.Crim.P. 42(a) allows a finding of criminal contempt without those procedural protections but only where the contempt is direct, which is not the case here. See supra n. 1.

**3.** What constitutes a "serious" fine is not clear. Some members of the Seventh Circuit apparently would consider anything over $500 to be serious, but the issue was raised only in a dissent and strictly speaking was dicta since the dissenters thought any right to jury trial had been waived. See *Marrese v. American Academy of Orthopaedic Surgeons,* 726 F.2d 1150, 1171 (7th Cir.1984) (en banc) (Wood, J., dissenting), rev'd on other grounds, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). The test in other circuits varies. See, e.g., *United States v.*

*Rylander,* 714 F.2d 996, 1005 (9th Cir.1983) (anything over $500 is serious for an individual), cert. denied, 467 U.S. 1209, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984); *In re Reehlman,* 763 F.2d 670 (5th Cir.) (seriousness of fine depends on individual's resources), cert. denied, ▬ U.S. ▬, 106 S.Ct. 594, 88 L.Ed.2d 573 (1985); *United States v. Troxler Hosiery Co.,* 681 F.2d 934 (4th Cir.1982) (seriousness of fine against corporation depends on circumstances). Also see *Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n,* 430 U.S. 442, 460 n. 15, 97 S.Ct. 1261, 1272 n. 15, 51 L.Ed.2d 464 (1977) (suggesting jury trial is never required in the case of a criminal fine).

(see *United States v. McCargo,* 783 F.2d 507, 509 n. 2 (5th Cir.1986)), the only facts before the court.

## II. Criminal Contempt

The procedural obstacles to a finding of criminal contempt could be removed by starting over, which would require significant, and to some extent duplicative, effort and expense. That effort and expense is justified only if it is at least possible defendant could be found in criminal contempt. Since defendant has already filed a brief opposing contempt, the court will assess defendant's arguments to determine whether they would preclude, on the merits, a finding of criminal contempt.

### A. Invalidity of the Subpoena

 Defendant argues the subpoena was invalid because it was served beyond the 100-mile limitation of Rule 45(e)(1). That rule states in relevant part:

At the request of any party subpoenas for attendance at a hearing or trial shall be issued by the clerk of the district court for the district in which the hearing or trial is held. A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena....

The 100-mile limitation on service of a subpoena applies to parties as well as non-parties. *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.,* 771 F.2d 5, 10 (1st Cir.1985), cert. denied, — U.S. ——, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986); *Wells v. Rushing,* 755 F.2d 376, 380 n. 5 (5th Cir.1985) (citing *GFI Computer Industries, Inc. v. Fry,* 476 F.2d 1, 5 (5th Cir. 1973)); *Jaynes v. Jaynes,* 496 F.2d 9, 10 (2d Cir.1974); *Steel, Inc. v. Atchison, Topeka & Santa Fe Ry.,* 41 F.R.D. 337, 339 (D.Kan.1967). And though phrased in terms of compelling attendance of a wit-

ness, the rule's drafters clearly assumed subsection (e) applied to a subpoena duces tecum as well as a subpoena ad testificandum; that is, to witnesses required to attend solely to produce documents as well as witnesses required to attend to give testimony. See Notes of Advisory Committee on Rules ("This rule [45] applies to subpoenas *ad testificandum* and *duces tecum* issued by the district courts for attendance at a hearing or trial...."). The cases are consistent with that assumption. *In re Fish & Neave,* 519 F.2d 116, 118 (8th Cir. 1975) (district court opinion attached as appendix to 8th Circuit opinion, noting that trial subpoenas duces tecum were issued in compliance with Rule 45(e)); *Glen Knit Industries v. E.F. Timme & Son, Inc.,* 384 F.Supp. 1176, 1178 (E.D.Pa.1974).

As defendant points out, it is not generally necessary to use a subpoena to get documents from the opposing party. Having chosen a subpoena as his method, however, plaintiff was obliged to follow the geographical limitations on service.[4] Because it took place in Ohio, well over 100 miles from this district, service was improper and consequently the subpoena was invalid.

 A finding of criminal contempt falls if the underlying court order is held invalid on appeal and that order was not itself appealable. *United States v. Lowery,* 733 F.2d 441, 446 (7th Cir.), cert. denied, 469 U.S. 932, 105 S.Ct. 327, 83 L.Ed.2d 264 (1984); *Marrese v. American Academy of Orthopaedic Surgeons,* 726 F.2d 1150, 1157–58 (7th Cir.1984) (en banc), rev'd on other grounds, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). The denial of the motion to quash the subpoena was not appealable, *In the Matter of Grand Jury Subpoena Duces Tecum,* 725 F.2d 1110 (7th Cir.1984); *Kaufman v. Edelstein,* 539 F.2d 811, 814 (2d Cir.1976), so the invalidity of the subpoena would, on appeal, torpedo any finding of criminal con-

---

**4.** Had the subpoena been properly served in this district defendant would have been required to produce the documents called for even though located outside this district. *Ghandi v. Police* *Dept. of City of Detroit,* 74 F.R.D. 115, 122 (E.D. Mich.1977); *Elder-Beerman Stores Corp. v. Federated Dept. Stores, Inc.,* 45 F.R.D. 515, 516 (S.D.N.Y.1968).

tempt. Therefore, instituting criminal proceedings would be a waste of resources.

■ Perhaps, however, the Seventh Circuit would not reverse—defendant here claims its failure to comply was simply inadvertent, while the *Marrese* rule is based on the assumption that the underlying court order was deliberately violated as a way to get an appeal of an otherwise unappealable order. Since the rationale seems inapplicable, perhaps the Seventh Circuit would apply the oft-stated rule that "a criminal contempt sanction stands even if the underlying order is reversed." *McLean v. Central States, Southeast and Southwest Areas Pension Fund*, 762 F.2d 1204, 1210 (4th Cir.1985); see also *Ager v. Jane C. Stormont Hospital and Training School for Nurses*, 622 F.2d 496, 499 (10th Cir.1980); *In re Timmons*, 607 F.2d 120, 124–25 (5th Cir.1979), and cases cited therein; *Blocksom & Co. v. Marshall*, 582 F.2d 1122, 1124 (7th Cir.1978). That possibility, however, simply throws us into the other obstacles: if defendant's failure to comply was inadvertent, the required finding of willfulness is not possible.

### B. Defendant's Motive: "Adequate Excuse" and Willfulness

■ Defendant makes two arguments out of its claimed motive: that it shows "adequate excuse" under Rule 45(f), and that it shows the failure to comply was not willful. As to adequate excuse, defendant claims its lawyer forgot about the subpoena between March 4, when the subpoena was continued generally, and November 19, when the trial began. Of course a lawyer's mere forgetfulness is no excuse, so defendant tries to pin his lawyer's memory impairment on plaintiff. As defendant puts it:

> The record evidences an unbroken sequence of motions, changes in pleadings, [plaintiff's] confusing discovery attempts, and delays. Circumstances could hardly more amply demonstrate "adequate excuse."

(March 3, 1986 answer brief at 9.) Even if this excuse could ever be accepted, it is very dubious here. The description defendant's brief gives of the proceedings in this case shows that far from being complex and confusing, this was a simple case in which discovery efforts were rather minimal. Moreover, defendant was reminded of the outstanding subpoena on the first trial day yet still did not have the documents when the trial resumed after a week's continuance. For that second failure to comply defendant can only muster the lame excuse that when the magistrate asked plaintiff on November 19 what he wanted done about defendant's failure to comply plaintiff's response somehow gave defendant the notion that plaintiff no longer cared whether defendant complied or not. But the subpoena was not withdrawn or quashed; it remained an order of this court with which defendant was obligated to comply.

In any event, this court need not try to assess the justification for defendant's forgetfulness with much care because there are sound reasons for rejecting lawyer neglect as an adequate excuse. As the Seventh Circuit recently stated in a similar context:

> If the lawyer's neglect protected the client from ill consequences, neglect would become all too common. It would be a free good—the neglect would protect the client, and because the client would not suffer the lawyer would not suffer either.

*Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir.1986). Once the subpoena was issued and upheld against objection, and no matter how "confusing" or "odd" plaintiff's manner of pursuing his case after that time might have been, the responsibility of remembering and complying with the subpoena was defendant's.

Though not an adequate excuse, the forgetfulness of defendant's lawyer and the alleged causes thereof would negate the willfulness required for criminal contempt. Along that same line, defendant argues its willingness to make the subpoenaed documents available in Ohio before trial shows its failure to comply was not an attempt to gain an improper advantage (presumably

the only reason one would have for *willfully* disobeying). Of course these claims are just assertions in a brief and would be the subject of proof if a criminal contempt proceeding were initiated, but they are plausible and persuasive in context. Plaintiff's only response is to point out defendant resisted the subpoena initially by moving to quash, but that was defendant's right and raises no inference that defendant intended to willfully disobey it when the time for compliance came. Therefore, it is most unlikely the willful element required for criminal contempt can be established.

### C. Harm to Plaintiff

■ Finally, defendant argues plaintiff was not harmed by his failure to comply with the subpoena, because as it turned out the magistrate found against plaintiff on the issue to which the subpoenaed documents might have been relevant. That cannot be a defense to a finding of contempt, civil or criminal. Defendant's behavior must be measured as of the date compliance was due, and on November 19 it was not clear whether the documents called for would help plaintiff or not. Moreover, it is not for a litigant to determine whether subpoenaed information will in fact turn out to be helpful. The subpoena was an order of this court, and defendant had a duty to comply with it independently of whatever benefit such compliance would or did confer on plaintiff. Finally, as the magistrate pointed out, since the purpose of criminal contempt is to vindicate the authority of the court, harm to the plaintiff is irrelevant.

■ From the above discussion, the court concludes initiating criminal contempt proceedings is not justified. Either the invalidity of the subpoena would preclude a contempt finding, or defendant's motive would fall short of the willfulness required. The court turns, then, to consideration of civil contempt.

### III. Civil Contempt

#### A. Liability

The arguments already discussed are all defendant offers.[5] Therefore, defendant's arguments need be reviewed only briefly in the civil contempt context.

■ 1. The invalidity of the court order allegedly violated is always a defense to civil contempt.[6] *McLean v. Central States, Southeast and Southwest Areas Pension Fund,* 762 F.2d 1204, 1210 (4th Cir.1985); *In re Timmons,* 607 F.2d 120, 124 (5th Cir.1979); *Blocksom & Co. v. Marshall,* 582 F.2d 1122, 1124 (7th Cir.1978); *Application of Johnson & Johnson,* 59 F.R.D. 174, 177 (D.Del.1973). This rule is to be expected, since the only purpose of civil contempt is to benefit the other party, and no one should benefit from an order that should not have been issued in the first place.

■ Unfortunately for defendant, this otherwise valid defense has been waived.[7] As a civil proceeding, civil con-

---

5. Defendant does not dispute that by failing to produce the subpoenaed documents at trial it violated "an unequivocal command" of the court. *Ferrel v. Pierce,* 785 F.2d 1372, 1378 (7th Cir.1986) (quoting *H.K. Porter Co. v. National Friction Products Corp.,* 568 F.2d 24, 27 (7th Cir.1977)). Nor does defendant claim it was unable to comply with the subpoena. Cf. *Combs v. Ryan's Coal Co.,* 785 F.2d 970, 983–84 (11th Cir.1986); *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 782 n. 7 (9th Cir.1983).

6. If the underlying order has become final through appeal or failure to take an appeal, however, then its validity may not be challenged in a post-judgment contempt proceeding. *United States v. Rylander,* 460 U.S. 752, 756–57, 103

S.Ct. 1548, 1551–52, 75 L.Ed.2d 521 (1983) (quoting *Maggio v. Zeitz,* 333 U.S. 56, 69, 68 S.Ct. 401, 407, 92 L.Ed. 476 (1948)); *Donovan v. Sovereign Security, Ltd.,* 726 F.2d 55, 60 (2d Cir. 1984); *Halderman v. Pennhurst State School & Hospital,* 673 F.2d 628, 637 (3d Cir.1982) (en banc), cert. denied, 465 U.S. 1038, 104 S.Ct. 1315, 79 L.Ed.2d 712 (1984).

7. Waived, that is, as to civil contempt. As to criminal contempt, the proceedings up to this point have been a nullity so defendant presumably did not waive this defense. Cf. *United States v. Akers,* 702 F.2d 1145, 1148 (D.C.Cir. 1983) ("When, as here, 'the previous trial [is] a nullity,' the court in the new trial tries 'the case as if it were being tried for the first time ..., as if there had been no prior trial.'" (quoting

tempt is of course governed by the Federal Rules of Civil Procedure. *Rogers v. Webster,* 776 F.2d 607, 610 (6th Cir.1985). Timeliness of a defense of insufficient service is governed by Rule 12.[8] *Saper v. Hague,* 186 F.2d 592 (2d Cir.1951). Under Rule 12(h) certain defenses, including insufficiency of service, are waived if "neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Defendant did not challenge the subpoena by motion, did not raise sufficiency of process as a defense in his response to plaintiff's post-trial motion for sanctions, and it is now too late to amend that response under Rule 15(a). Therefore, defendant has waived the defense of insufficiency of process. *Saper,* supra, 186 F.2d at 594.[9]

██ 2. As already discussed, defendant's explanation of its non-compliance does not establish "adequate excuse" for its failure to comply with the subpoena. And because willfulness is not an element of civil contempt it makes no difference that defendant's failure may have been inadvertent. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949); *Perry v. O'Donnell,* 759 F.2d 702, 705 (9th Cir.1985); *NLRB v. Blevins Popcorn Co.,* 659 F.2d 1173, 1183 (D.C. Cir.1981); *Commodity Futures Trading Comm'n v. Premex, Inc.,* 655 F.2d 779, 784–85 and n. 11 (7th Cir.1981). Defendant's reliance on *Desmond v. Hachey,* 315 F.Supp. 328, 332 (D.Maine 1970), is misplaced here because that was a criminal contempt case.

██ 3. Finally, the court has already rejected defendant's argument that no contempt finding can be made because, as

later events showed, plaintiff was not actually harmed. Therefore, the court concludes clear and convincing evidence shows defendant committed civil contempt.

### B. Remedy

██ To award plaintiff money on a finding of civil contempt requires evidence of actual damages. *In re Kave,* supra, 760 F.2d at 351. Here, plaintiff has presented no evidence that he has suffered any damage and does not dispute defendant's claim that the documents sought would not, given the trial's outcome, have helped his case. True, attorney's fees incurred in bringing the contempt proceeding can be awarded, at least where the contempt was willful. *Ranco Industrial Products Corp. v. Dunlap,* 776 F.2d 1135, 1139 (3d Cir.1985); but see *Perry v. O'Donnell,* supra, 759 F.2d at 704–06 (attorney's fees can be awarded even if contempt is not willful); *Premex, Inc.,* 655 F.2d at 784 (same, by implication); *Shakman v. Democratic Organization,* 533 F.2d 344, 351 (7th Cir.), cert. denied, 429 U.S. 858, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976). However, unlike compensatory damages, which may be mandatory on the proper showing (see *Thompson,* supra, 782 F.2d at 722 n. 5), an award of attorney's fees is discretionary with the court. *Donovan v. Burlington Northern, Inc.,* 781 F.2d 680, 682–83 (9th Cir.1986) (citing, among other cases, *Shakman,* supra, at 351 n. 10). Here, plaintiff's pursuit of this civil contempt proceeding has accomplished neither of the proper purposes of civil contempt: plaintiff acted too late to coerce compliance and indeed does not dispute defendant's contention that at trial (before this issue became moot) plaintiff seemed uninterested in compliance, and plaintiff has failed to show it suffered any harm to

*Hobbs v. State,* 191 A.2d 238, 239, cert. denied, 375 U.S. 914, 84 S.Ct. 212, 11 L.Ed.2d 153 (1963))).

**8.** The only other choice of time limit is Rule 45(b), which even if applicable would not help defendant because it requires objections to a subpoena to be raised promptly and in any event no later than the day of compliance, which here was November 19, 1985.

**9.** *Saper* was an appeal from a bankruptcy referee's refusal to certify a contempt to the district court under former 11 U.S.C. § 69(b) (reprinted as an appendix following the last section of the present title 11 in U.S.C.A.), which in all material respects is identical to 28 U.S.C. § 636, under which this case has been certified.

be compensated. In such circumstances, this court declines to award attorney's fees. Therefore, plaintiff will be awarded no money, but a "bare finding of civil contempt may stand." *United States v. Professional Air Traffic Controllers Organization,* 678 F.2d 1, 5 (1st Cir.1982).

IT IS THEREFORE ORDERED that defendant is adjudged to be in civil contempt for failure to comply with plaintiff's trial subpoena duces tecum, but since the trial is over and no damages have been proved no sanctions are imposed.